JACK, A FREEDMAN, v. JESSE THOMPSON.

1. MASTER AND APPRENTICE: PROBATE COURT: POWER TO APPRENTICE ORPHAN FREEDMEN.—It is not competent for the Probate Court, under the act of 22 November, 1865, to order the clerk to apprentice an orphan freedman without his presence and without notice to him.
2. SAME: SAME: SAME.—It is not necessary under the act of 22 November, 1865, that a *Guardian ad litem* should be appointed for a freed minor.
3. VALIDITY OF JUDGMENTS, ORDERS AND DECREES: NOTICE INDISPENSABLE.—The principle is universal, that no judgment, order or decree is valid or binding on a party who has had no notice of such proceeding against him. The court must not only have jurisdiction of the subject-matter, but also of the person; and it is not in the power of the legislature, under our Constitution, to dispense with this notice, either actual or constructive.

APPEAL from Probate Court of Copiah county. M. H. Peyton, judge.

*King and Mayes* for appellant.

No counsel for appellee.

HARRIS, J., delivered the opinion of the court.

Under the provisions of the act of the legislature of this State, passed on the 22d of November, 1865, to regulate the relation of master and apprentice, the Sheriff of Copiah county reported appellant to the Probate Court of said county as an orphan freedman, under the age of eighteen years, with no one to provide for him: And thereupon the Probate Court, without notice to appellant, and without his appearance, in his absence, made an order directing the clerk of said court to apprentice said appellant to Jesse Thompson, his former owner, until he should arrive at the age of twenty-one years, at certain yearly hire to be paid to appellant at the expiration of his minority, upon the said Thompson executing bond according to the provisions of the statute.

Afterwards, during the same term of said court, appellant by his next friend came into court, and made his motion to set aside the said order and proceedings had thereon, 1st. Because

4

the said appellant, at the date of said report by the sheriff, was nineteen years old instead of seventeen, as reported by said sheriff and adjudged by said court. 2d. Because appellant had no notice of said report, or of the said proceedings in the Probate Court. 3d. Because no guardian *ad litem* was appointed by said court to protect his interest, pending said proceedings.

This motion was overruled by the court, and from the judgment of the court overruling said motion, this appeal is prosecuted.

The question presented for our determination is, whether it is competent for the Court of Probate, under the act of the legislature, to order its clerk to apprentice an orphan freedman without his presence, and without notice to him.

The act does not require this notice, and doubtless the court below, looking to the act of the legislature as the source and measure of its duty, as well as of its power, for this reason deemed it unnecessary.

But the principle is universal, that no judgment, order, or decree is valid or binding upon a party who has had no notice of such proceeding against him. The court must not only have jurisdiction of the subject-matter, but also of the person, to give validity to its final judgments, orders, and decrees, and it is not in the power of the legislature, under our constitution, to dispense with this notice either actual or constructive.

In the case before us, it was the duty of the Probate Court, upon the report of the sheriff, to order a citation requiring the appearance of the appellant at a day to be therein appointed, both for the purpose of enabling the court to ascertain and discharge its duties, and for the purpose of giving the orphan or minor an opportunity of being heard before his rights are concluded. The court by the act is made the guardian of the interests of their wards. It must first be satisfied that the minor or orphan before it is under eighteen years old. It must next, in the absence of "record testimony," showing the age of the minor or orphan, ascertain in the best manner it may, and "*fix the age*" of said minor or ward, so that the period of his service may be fixed and definite, and not uncertain. It must in the case of a minor

whose parents are living, ascertain whether they "have not the means" or whether they refuse to provide for and support said minor." It is to look to the character and ability of the master, and "have particular care to the interest of the minor" or orphan, and that he is a suitable person, giving a preference to the former owner of the minor or orphan, when in the opinion of the court he or she shall be a suitable person for that purpose. In all these matters, the ward has a direct and deep interest, and has the right to be heard by the court, who is thus constituted his peculiar guardian, as well as the guardian of the interests of the public, in this respect.

It is the further duty of the court to fix such " terms," as to *hire*, or compensation, for the service of said ward, as the judge under the responsibility of his oath of office, as well as the peculiar trust and confidence reposed in him by the statute, may deem reasonable and just to both the master and the apprentice.

And in this the ward has also a direct interest, and has a right to be heard, for the purpose of aiding the judgment of the court in the discharge of its several duties, for the benefit of the ward.

The necessity of notice, and of the appearance of the ward in court, to enable the judge understandingly to fix the precise age of the ward, so that he may not be deprived of his freedom when he arrives at twenty-one years of age, and also to determine from his age, size, and qualifications, the value of his services by way of hire, is obvious from an examination of the act.

It is urged that, after service of notice on the minor or orphan, and before further action, the court should have appointed a guardian *ad litem*, under article 32, p. 451, of the Code.

The act of the legislature referred to has relation to matters of litigation, involving the settlement of estates or pecuniary interests ; when the court, in its judicial capacity, must determine the conflicting rights of the parties before it, and therefore could not be properly or consistently charged with the duty of representing the interests of the infant litigant. In such cases (where there is no guardian, or he is interested or absent),

the statute requires the appointment of a guardian *ad litem*. But in the case before us the statute specially charges *the court* with the duty of protecting the interests of the ward, and hence no other guardian is necessary.

Let the order and judgment of the court below be reversed and cause remanded for further proceedings according to this opinion.