## JAMES M. HOWRY v. ISAAC CALLOWAY.

1. MINOR CHILDREN—APPRENTICES.—The condition of facts upon which the chan-. cery court may bind out an apprentice are : 1. That the parents, if living in this state, shall file their consent; 2. Where the parents are unable to support them, or are bringing them up in vicious habits ; or, 3. Where the parents and no near relative will take the care and support of them. And the parents, if living in the state, and if not, the near- est of kin, must be notified. If neither of these conditions of fact exist, and the notice be not given, the binding out will be a nullity.

APPEAL from the chancery court of Lafayette county.

*Charles B. Howry,* for appellant.

1. The record does not show such a return as is contemplated by the statute; that the return on a writ of *habeas corpus* should be signed · by the sheriff, see Code, p. 282, § 1405.

2. The second and third causes of demurrer bring before the court the whole question relating to the law of apprenticeship as it now exists in this state, as well as the validity of the proceedings in the chancery court of Lafayette county in apprenticing the minor. We will examine both causes of demurrer together.

The law of apprenticeship has its origin in the humanity of the legislature. It is designed for the benefit of the poor and friendless, and as a means of usefulness to the state. The great end is to discourage and prevent pauperism and vice as far as practicable. Statutes on the subject should, therefore, be so construed as to give effect and carry out the intention of the lawmakers.

In the act in relation to apprentices and minors (Code, 380), it will be observed that section 1793 prescribes what minors may be apprenticed where the parents of the child are living, and what proceedings must be had in order to give validity to any decree made thereon. There notice must be given to the parents of the minor. The next section provides that children may be bound with the consent of the parents.

The next section directs the mode and manner of apprenticeship for all orphan children who have no near relations able and willing to provide for and take care of them. It will be observed that no notice is necessary in cases where the minors have no parents nor guardians (their near relations failing to provide for them likewise), and so great was the solicitude of the legislature that this law should have some active

operation, it was made the duty of all civil officers to report all minor children subject to be apprenticed. See Code, 381, 382, art. 2.

It cannot be asserted, as contended for by counsel, that in apprenticing orphan children notice should be given. How can the notice be given, and to whom? Not to the relations of the orphan, because, if the chancellor is satisfied that the orphan's relations are not providing for the minor, it is discretionary with him in his judicial capacity, or the clerk for him, to grant the letters according to the mode designated by law.

In the case at bar, the minor was duly apprenticed under art. 2, chap. 24, by the proper court. In the trial of the writ of *habeas corpus* against Calloway for the custody of the minor, it does not lie in his mouth to say that the decree of the chancery court apprenticing the girl is invalid. The proceeding by *habeas corpus* is wholly collateral to the decree of apprenticeship which cannot be thus assailed.

Among the obligations imposed by the relation of master and apprentice is that the former, by the execution of the bond, is entitled to the exclusive custody of the minor while the relation exists. If the rule were otherwise, it would be idle to go through the forms prescribed by the statute. The minor is just as much bound as the master, until the decree is reversed or set aside by the proper authority. During the minority she is incapable of consent, and cannot contract marriage. The marriage in such a case is *ipso facto* void.

*Strickland & Fant*, for appellee.

The paper purporting to be a transcript from the records of the chancery court of Lafayette county should not have been admitted upon the trial, as evidence of the apprenticeship, because it does not show

that the consent of the parents was obtained, nor that the appellee had no parents living within the state to account for this failure of consent. Code of 1871, p. 380, § 1793. It does not show that notice was given to the next of kin or friends of the minor, within the jurisdiction of the court. Said transcript does not give any copy of the bond, but merely states that bond was given. It does not show that the minor ever had any notice of the proceeding for her apprenticeship. The court which attempts to apprentice a minor must have jurisdiction not only of the subject-matter, but of the person, otherwise any judgment or decree is invalid. Jack v. Thompson, 41 Miss. 49.

The fact, that a female minor marries before attaining the age of eighteen years, does not invalidate the marriage. This is good, whatever may be the effect of the issuance of license by the clerk of the circuit court. If he should issue the marriage license contrary to law, he may be liable in damages, but the marriage is valid. This being so, the husband has the right to the possession of his wife's person, and if she has violated any obligation to the master to whom she may have been apprenticed, the master's remedy is alone against her and husband for damages for services for the unexpired term for which she was apprenticed. This is true even in the case of guardianship. For, upon the marriage of the ward, the guardian is required to turn over her property and make his settlement of her estate with the chancery court. His power as guardian ceases, and thenceforward the husband has the right to her custody and services, and also of her estate, and bound for her protection, care and support. This is true by analogy, if the guardian must settle with his ward without reference to her minority, upon her marriage. See Code of 1871, § 1218; Wood v. Henderson, 2 How. 893.

SIMRALL, J.:

The relator, James M. Howry, claims the custody and possession of the person of Patsy Payne, on the ground that she is a minor, within 18 years of age, and was duly apprenticed to him by the chancery court of Lafayette county, and that the respondent detained her.

The facts elicited at the trial of the *habeas corpus* were, that said Patsy had been apprenticed to the relator, and before the expiration of her term of service had left his house and premises, and had married the respondent.

Did the relator acquire the legal right to the custody and control of Patsy, because of the proceedings of the chancery court?

The statute in "relation to apprentices and orphan children" (Code 1871, chap. 24, 1871) provides, first, that minor children shall not be bound out as apprentices without the consent of their parents (§ 1793); but they may be, with their consent (§ 1794). So may those who have no near relations able and willing to support them (§ 1795). There is a clear implication that the chancellor shall consult the parents if living, or the next of kin, before he comes to final action, for section 1800 declares that those who have been bound out, without the knowledge of the parents or next of kin, "the same (the apprenticing) shall be taken and held to be invalid." How shall the court be informed that the apprenticing is with the knowledge of the parents, or next of kin, unless they have been notified of what is proposed to be done, so that they may appear, and consent or make opposition.

The act of November, 1865, did not prescribe that notice should be given to any one of the application to apprentice. Yet, in Jack v. Thompson, 31 Miss. 50, it was declared, that "the principle is universal, that no judgment, order or decree is binding upon a party who had no notice of the proceeding against him." There

the apprenticeship was annulled, because the minor was not brought into court, or notified of the proceedings.

The condition of facts upon which the right to bind out an apprentice are : that the parents, if living in this state, file with the chancellor their consent; second, where the parents are unable to support them, or are bringing their children up in vicious habits; or, third, where the parents are dead, and no near relatives will take the care and support of them. To the validity of any order of the court binding out an apprentice, the one or the other of these circumstances must appear. And that the jurisdiction may be wisely and prudently exercised, the parents, if living in this state, if not, then the next nearest of kin, must be notified to appear; and if the proceedings are not made known to them, then the order of apprenticeship is "null and void." The transcript adduced before the chancellor does not show that the minor had no parents living in this state. It does not show, the parents being dead or non-resident, that the next of kin were summoned, or that there were no next of kin. It does not show that the minor even was brought into court, or in any manner notified of the relator's application. There was (it would seem) no written petition setting forth the reason and propriety of apprenticing the minor; the only information that such application was made, is the recital in the order at rules made by the clerk; the recital is, that "this day James M. Howry made application," and it appearing that he is legally entitled, and has given bond and security, therefore the minor is bound to him. The entire proceeding was *ex parte*, and consummated "*uno featu.*"

It is plain that the relator did not acquire the right and relation of a master to an apprentice. It follows, therefore, that his claim has no foundation to rest upon.

*The decree is affirmed.*