BOARD OF SUPERVISORS OF LOWNDES COUNTY *v.* F. M. LEIGH ET AL.

1. HABEAS CORPUS. *Custody of children. Not found. Procedure.*

    Where the petition alleges that the rightful custody of certain children is withheld by the defendant from petitioner, and the sheriff's return on the writ of *habeas corpus* shows that they are not found, the court should not, in their absence, entertain objections to the petition or proceed further with the hearing of the case. A writ should be issued requiring the defendant to produce the children or show that he cannot do so.

2. POOR ORPHANS. *Board of supervisors. Jurisdiction. Code 1880, § 637.*

    The board of supervisors in each county has jurisdiction of poor orphans therein, and is authorized to direct the supervisor of the district in which any such orphans are, to bind them out. Code 1880, § 637.

3. SAME. *Order of board. Custody of orphans. Code 1880, § 2519.*

    Where the board makes an order directing one of its members (presumably the supervisor from the proper district) to procure a home for certain poor orphans in the county, and their custody is withheld from him, he may, under § 2519, code 1880, by *habeas corpus*, obtain the custody of the children, that they may be dealt with according to law.

4. SAME. *Order of board. Surplusage.*

    The order of the board directing a home to be procured for the children being valid, it is immaterial that, because of a controversy as to their custody, it recites that the children "be not placed in the hands of either of the parties now contending for them."

FROM the circuit court of Lowndes county.
HON. LOCK E. HOUSTON, Judge.

The board of supervisors of Lowndes county presented a petition to the Hon. J. A. P. Campbell, one of the judges of the supreme court, alleging that on the 28th of September, 1891, Mat McGee, a negro woman, died a pauper in Lowndes county, leaving two minor children, paupers, aged respectively six and eight years; that at the October term, 1891, of the board of supervisors of said county, there was a controversy before said board between F. M. Leigh and wife, M. B. Leigh, on one side, and M. McGee Snell on the other, for the custody of said children; that the board, after hearing both sides, entered the following order: "On motion, J. W. Gardner is hereby authorized to take in charge the children of said Mat McGee, deceased, and to secure for them as an abode, a good and suitable home, provided that they are not to be placed in the hands of either of the parties contending for them;" that at that time the children were in the custody of said F. M. Leigh and wife; that said J. W. Gardner, in pursuance of the order, demanded of Leigh and wife that the children be delivered to him, and that they refused to surrender to him the custody of the children; that said Leigh and wife had due notice of the order of the board; and refused to comply with the same. The petition further alleged that there were reasonable grounds to apprehend that the children would be concealed and removed unless taken into custody.

The petition prayed for a writ of *habeas corpus* directed to the sheriff of Lowndes county, commanding him to take into his custody the children, and to summon the said F. M. Leigh and wife as parties defendant; and it was further prayed that, on final hearing, the court would adjudge that the board was entitled to the custody of the children.

The writ of *habeas corpus*, as prayed for, was issued by Judge Campbell, returnable before the Hon. Lock E. Hous-

ton, judge of the circuit court of Lowndes county, on the 7th day of December, 1891. The sheriff indorsed on the writ that he had executed it in person on F. M. Leigh and wife, and that the children were not found. The defendants, Leigh and wife, appeared, and filed a general demurrer to the petition, averring that it was not sufficient, in law, to require of them an answer. Petitioner, the board of supervisors, filed a motion to strike out the demurrer, which was over-ruled. Thereupon the demurrer was heard, and, from a judgment sustaining the same and dismissing the petition, this appeal is prosecuted.

*Harrison & Landrum,* for appellants.

The constitution gives the board of supervisors jurisdiction over the subject-matter of this suit, and, by consequence, of all remedies necessary to enforce it.

In cases of this character, the writ of *habeas corpus* is nothing more than a writ of replevin in other cases. In fact, the writ of *habeas corpus* only serves the purpose of the old writ of *replegiando de homine.* Church on Habeas Corpus, p. 125 *et seq.;* 2 Blackstone's Com. (Cooley), p. 56; High's Ex. L. Rem., p. 79.

*J. A. Orr,* for appellees.

The board of supervisors is a court of limited jurisdiction. Whenever its judgment is relied on, the jurisdictional facts must appear. The alleged order or judgment of the board relied on by petitioner is void. No notice appears in the record, and it is not pretended that any was ever served on the children. The order undertakes to commit them without a hearing to the unconditional power of J. W. Gardner, who is directed to select a home for them, of which he is to be the judge, and he is to fix the terms and duration of the services. They have had no day in court, and were not there in person or by attorney.

A similar statute to the one under which the board was as-

suming to act was construed in *Jack* v. *Thompson*, 41 Miss.,
p. 49, and the decision in that case is conclusive of this.
Here the record not only fails to show that the children had
notice or were before the board, but it affirmatively appears
that they were then under the control of appellees. The
board, therefore, never had jurisdiction over them.

The whole scope and meaning of chapter 12 of the code of
1880 is to relieve the tax-payers from the burden of support-
ing paupers. In this case, the petition shows that there is
no danger of these little darkies becoming a charge on the
county. The petition does not aver that they are not in the
custody of a suitable and proper person.

Under § 637 of the code, the person to whom the poor or-
phan is to be apprenticed is to be judged of by the board
itself. The jurisdiction as to this cannot be delegated to an-
other.

CAMPBELL, C. J., delivered the opinion of the court.

The return "not found" made the writ of *habeas corpus* in
this case a failure, and the court should not have proceeded
further with the case until it had secured the bodies of the
children. Especially should it not have permitted the ap-
pellees to be heard until relieved of the suspicion, created
by the allegations of the petition, coupled with the return
made by the sheriff, that the children had been removed or
concealed to evade the writ. The proper procedure would
have been to issue a writ, directed to the defendants, requir-
ing them to produce the bodies, or show to the satisfaction
of the judge that they could not. They should not be per-
mitted to test the question in dispute about the custody of the
children until the children are before the judge, to be dis-
posed of by his determination.

A demurrer to a petition for *habeas corpus* seems to us bad
practice, but the judge erred in sustaining the demurrer to
the petition, which presents a proper case for the issuance of
the writ. The board of supervisors has jurisdiction of poor

orphans, and is authorized to direct the supervisor of the proper district to bind out such poor orphans, etc.  Code of 1880, § 637.

The petition shows that the board ordered one of its members, presumably the proper one, to take charge of these children, and secure for them a good home, etc., and that this member called on the appellees for the children, and they refused to surrender them, as they should have done.  Undoubtedly, in this condition of things, the writ of *habeas corpus* was the appropriate means of securing the rightful custody of these children withheld from the person entitled thereto.  Code of 1880, § 2519.  That part of the order of the board of supervisors directing that the children be not " placed in the hands of either of the parties now contending for them," may be nugatory, but the order for the supervisor of the proper district to procure a home for the children, was free from objection, and he was entitled to the custody of the children; and he who had the children in his custody, on the facts stated in the petition, had no right to withhold them.  The case of *Jack* v. *Thompson*, 41 Miss., 49, is not applicable.  Apparently, the supervisor of the district is entitled to the custody of the children, that they may be dealt with according to law, and he is entitled to the writ of *habeas corpus*, whereby to obtain that custody.  The power of the law should be exhausted to secure the presence of the bodies of these children before the judge as its minister, and then the case should be disposed of as may be proper when the facts are disclosed. We know nothing of the contention between parties as to the custody of the children, and say nothing as to that, but we do say that the petition presents a case calling for the exercise of the power of the law to enable the constituted authorities of the county to perform the duties with which they are charged by law with respect to poor orphans in their county; and no one should be permitted to defy the law or its constituted authorities, or to trifle with its machinery.

*Reversed and remanded.*