## VOLNEY MOORE *v.* G. A. ALLEN.

BOARD OF SUPERVISORS. *Apprenticing minor. Process. Code* 1892, §§ 3159, 3430, 3501.

In exercising the jurisdiction conferred by § 3159, code 1892, on boards of supervisors to bind out as apprentices poor orphans and children whose parents are unable to support them, it is only necessary that citation be served on the minor in person. Sections 3430, 3501, code 1892, requiring process for an unmarried minor to be served also on his father, mother or guardian, applies only to process in courts proper where property rights are involved. *Jack* v. *Thompson,* 41 Miss., 49.

FROM the circuit court of the first district of Yalobusha county.

HON. EUGENE JOHNSON, Judge.

This is a *habeas corpus* proceeding by Volney Moore to recover from G. A. Allen the custody of an orphan child who had been apprenticed to petitioner by the board of supervisors, and who, it is alleged, was unlawfully withheld by defendant. The defendant answered, denying that he had custody of the minor, and denying that he had ever prevented petitioner from having or exercising control over him, and averring that the minor would, of his own accord, appear in person at the hearing. The court below refused to award the custody to petitioner, and dismissed the petition, holding that the order of the board of supervisors apprenticing the minor to petitioner was void for want of jurisdiction, because it was not shown that the minor had no mother or guardian, and because process had not been properly served on him.

It was shown that, in the proceedings before the board of supervisors, process for the minor had only been served on the minor himself, by handing him a copy of the citation. From the judgment dismissing the petition, the relator appeals. The following section of the code of 1892 is involved:

"Section 3159. Each member of the board of supervisors shall report to the board the names of the poor orphan children within their respective districts, and of other children whose parents are unable to support them, and the board of supervisors is authorized to bind out such poor orphans and other children apprentices to such person as may be approved by the board, until the age of twenty-one years if a male, or eighteen if a female."

The following sections of the code relate to process:

"Section 3430. If the defendant be an unmarried infant, the process shall be served on him personally, and upon his father or mother or guardian, if he have any in this state; but if he be married, process may be served as on an adult."

"Section 3501. The law of process as declared in this chapter, except where its provisions are restricted to particular tribunals in terms, or by the nature of the subject-matter, shall govern in all courts."

*George H. Lester*, for appellant.

The court below seems to have been governed by *Howry* v. *Calloway*, 48 Miss., 587. That case arose under a different statute from the one applicable here. It arose under § 1793, code 1871, which requires notice to be given to the parents, next of kin or friends of the minor. Section 3159, code 1892, vests boards of supervisors with full jurisdiction to apprentice poor orphans, it being only requisite that the orphan be notified to appear and the proper proof be made. The opinion in *Jack* v. *Thompson*, 41 Miss., 49, clearly implies that if the minor himself had been served with citation, the order would have been valid. That case arose under an act of 1865, which did not expressly require notice to the minor, and, in this respect, is like the present statute. Section 3430, code 1892, has no application to boards of supervisors, but to process of courts proper in controversies involving property rights.

*I. T. Blount*, for appellee.

The minor had not been legally apprenticed to Moore.  The judgment of the board of supervisors was not valid, the board having obtained no jurisdiction, because process was never legally served upon the minor and upon his father or mother, if living, or guardian if he had any in this state.  Code 1892, § 3430.  It does not appear anywhere in the proceedings that he had neither father, mother nor guardian.  The authorities cited by appellant are conclusive against him.  It was necessary to the validity of the judgment for the board of supervisors to show that it had jurisdiction.  This nowhere appears in the record, and the judgment should be affirmed.

WHITFIELD, J., delivered the opinion of the court.

Section 3159 *et seq.*, code 1892, are materially different from § 1793, code 1871.  The latter act expressly provides for notice "to the parents, next of kin, or friends of such minor, if in the jurisdiction of the court."  *Howry* v. *Calloway*, 48 Miss., 587, is based on this statute.  The act of November 22, 1865 (Laws, p. 86) §§ 1, 2 and 6, more closely resembles §§ 3159, 3160, code 1892.  The act of November 22, 1865, like § 3159, does not expressly require notice to the minor even.  In *Jack* v. *Thompson*, 41 Miss., 49, this court, however, held such notice necessary; but the clear implication from the opinion is that notice to the minor was, under that statute, the only notice necessary.

Section 3430, code 1892, applied even as directed in § 3501, has no reference to this notice to be given by the board of supervisors to a minor reported by a member of the board of supervisors as a proper subject to be apprenticed.  It is clear, from the whole context in which it is found, and "from the nature of the subject-matter" here involved, that said section relates to process on infant "defendants" in courts proper, where property rights are involved.  The law — § 289 and §§ 3159 *et seq.*—vests the board of supervisors with jurisdic-

tion over paupers, and makes those boards now the guardians of the rights of minors subject to be apprenticed, in the same way, as held in *Jack* v. *Thompson, supra,* that the probate court was by the act of 1865.

The minor in this case was duly served, personally, with citation to appear and show cause why he should not be apprenticed, and the order apprenticing* him is recited to have been made upon "proofs adduced," and the report of the member of the board from the district in which the minor lived, and from which the said member came. The order is drawn with unusual care, was in all respects valid and the court erred in excluding it. The judgment is

*Reversed, and cause remanded.*