### JIM ELLIS v. THE STATE.

#### No. 1601. Decided March 6, 1912.

**1.—Vagrancy—Habitual Loiterer—Information—Statutes Construed.**

Where, in a prosecution under article 636, Penal Code, the information failed to allege that the defendant was a male person, or a man, the same was fatally defective.

**2.—Same—Vagrancy—Association with Prostitutes.**

Under article 636, Penal Code, providing that male persons who habitually associate with prostitutes, etc., are vagrants, it is intended to reach a class of persons who make a habit of associating with prostitutes, and does not extend to persons who occasionally go with a woman of loose morals.

Appeal from the County Court of Scurry. Tried below before the Hon. Fritz R. Smith.

Appeal from a conviction of vagrancy; penalty, a fine of $200.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited Springer v. State, 16 Texas Crim. App., 591; City of Saint Louis v. Fitz, 53 Mo. Rep., 582.

HARPER, JUDGE.—Appellant was prosecuted under article 636 of the Penal Code, which reads: "All male persons who habitually associate with prostitutes, or habitually loiter in and around houses of prostitution, or who, without having visible means of support, receive financial aid or assistance from prostitutes," is a vagrant. The information in this case charges that appellant "did habitually associate with a prostitute, to wit: Bertha Pearson, the said Bertha Pearson then and there being a prostitute." In no part of the complaint is appellant said to be a "male person," nor is any allegation used from which it could be inferred that he was a man, unless it be the fact that he was named "Jim." This is a name generally given to persons of the masculine gender, and we are not authorized to conclusively so presume in passing on the sufficiency of the indictment. It is not an offense for a woman to associate with a prostitute under the provisions of the Act. The information is insufficient to charge an offense.

Again, we hardly think the evidence would support the conviction. The statute was intended to reach a class of persons who associated with prostitutes as their equals, or who associated with them in public, and was not intended to make a vagrant of a person who, at night, went occasionally to the room of a woman of loose morals, and yet who at no other time was seen in her company. The word "habitually" has a definite and fixed meaning in law, and in saying "habitually associated with prostitutes" it was intended to reach a class of persons who made a habit of associating with them, either in public or private, and going to their room occasionally at night, even though it was for an immoral purpose, would not bring one within the definition of this offense.

We have a statute denouncing as an offense one who habitually has carnal intercourse with a woman, it being fornication or adultery, as the facts may show, and if a person made a habit of going to a woman's house, it would come within the definition of these offenses, but not within the terms of the Vagrancy Act, for it is a different offense.

The judgment is reversed and the prosecution ordered dismissed because of the insufficiency of the complaint.

*Dismissed.*