## Dick King v. The State.

### No. 3877. Decided January 5, 1916.

**1.—Vagrancy—Former Jeopardy—Date of Offense.**

Where, upon trial of vagrancy, the plea of former jeopardy did not cover the time and date of offense alleged in the complaint, the same was insufficient.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of vagrancy, the evidence was insufficient to sustain the conviction, the same was reversible error. Following Ellis v. State, 65 Texas Crim. Rep., 480, and other cases.

**3.—Same—Evidence—Variance—Different Offenses.**

Where, upon trial of vagrancy, the defendant was charged with loitering in and around houses of prostitution and not with failing to follow some occupation, it was reversible error to admit testimony over defendant's objection that witnesses had never seen defendant do any sort of work.

Appeal from the Corporation Court of the City of Texarkana. Tried below before the Hon. H. W. Runnels, recorder.

Appeal from a conviction of vagrancy; penalty, a fine of $100.

The opinion states the case.

*N. L. Dalby*, for appellant.—Cited cases in opinion.

*C. C. McDonald*, Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—The complaint charges appe..ant with being a vagrant in that he "did habitually loiter in and around houses of prostitution." The complaint also fixes the date as being from the first of October, 1914, it being sworn to on the first day of October, 1915. The evidence shows he had been twice convicted, once in February, 1915, and the other time on June 16, 1915; that these convictions cover all the time prior to June 16, 1915. It is also shown he was out of the State until about the last day of August. A plea of jeopardy with reference to the two former convictions was filed so as to cover the time from October 1, 1914, to June 16, 1915. If the complaint would be good, then it would only cover the time elapsing between the 16th of June and the time of the filing of the complaint, which was the first day of October, 1915.

Bryan, for the State, chief of police at Texarkana, testified during the month of September, 1915, he saw appellant at Lula Winn's house of prostitution. Another policeman named Hays testified that he saw him there one time and in bed with Lula Winn. Ray, another policeman, testified that Lula Winn's house was a house of prostitution, and that he saw the defendant there once in September, 1915. Tennison, another policeman, testified he saw appellant eating dinner with Lula Winn and some girls in September, 1915. The State also proved by Onie Jefries that the defendant nor Lula Winn were in Texarkana during July and most of August; that Lula Winn came back to Texarkana on August 29, 1915, and appellant was at her house on August 30th. Another witness testified that she had seen defendant at Lula Winn's and had opened the door for him. She was a servant or inmate. All of these witnesses put these visits in the daytime.

The defendant proved that he was employed in a pool hall and worked during the day until 10 or 12 o'clock at night. This he testified to, as did the owner of the pool hall, and a witness also testified he rented appellant a room, where he slept; that appellant came to his room usually between 10 and 12 o'clock at night and spent the night there; at least, he would go to bed there and she did not see any more of him until the next morning. His room-mate also testified appellant would come into his room from 10 to 12 o'clock at night and remain all night. They were occupying the same room, each paying the owner of the house $1.50 a week as room rent. The defendant says from the 16th of June until the time the complaint was filed he was at Lula Winn's house three times, all in the daytime; once he stayed about thirty minutes, and the other two times only a few moments. That he had worked for Mr. Robertson at the Imperial Pool Hall and had been rooming at the Tulsa rooming house, run by Mrs. Cochran. This is the room testified about by the other two witnesses. He also testified he was absent from Texarkana during July and August, getting back the last day of August. This is the case.

We are of opinion this evidence does not sustain the conviction. These witnesses place him there a few times during the month of September, and but a short time during the daytime in each instance, and the wit-

nesses for the defendant are not contradicted as to the fact that he worked at the pool hall and was only away, as Robertson, owner of the pool hall, testified, a short time each day generally when he went to lunch.   See Ellis v. State, 65 Texas Crim. Rep., 480; Martoni v. State, 74 Texas Crim. Rep., 64, 166 S. W. Rep., 1169.

Appellant reserved some bills of exception to the introduction of testimony, which we believe should have been sustained.   Several witnesses, over his objection, were permitted to testify that they had never seen defendant, Dick King, do anything or any sort of work.   Various objections were urged to this, among others, that it was putting his reputation in evidence; was highly prejudicial and calculated to and did inflame the minds of the jury against him, to the extent that they could not give him a fair and impartial trial; that he was charged only with loitering in and around houses of prostitution and not with failing to follow some occupation.   The court qualifies each of these bills substantially as follows:   "When the question was propounded to the witness by the State, the defendant objected on the ground that it was immaterial and irrelevant to any issue in this case, was highly prejudicial to the defendant in that he was not charged with failing to work or follow some occupation."   We believe these objections were well taken and should have been sustained.   He was not charged with failing to work or engaging in some business, but only with loitering around houses of prostitution.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*