## Edith Hogue v. The State.

### No. 5754.  Decided March 31, 1920.

**1.—Delinquent Child—Information—Words and Phrases—Incorrigible.**

The purpose of the statute being the reformation of the juveniles, we think it was not the intention of the Legislature that a child, to come within the purview of the law, as incorrigible, must be bad beyond *reform or* correction in an absolute sense, but rather one whose reformation could not be effected by the control to which he was subject, yet the information, charging delinquency on this ground should contain averments susceptible of proof, describing the conduct claimed to render him subject to the prosecution, and the information in the instant case is defective in this respect, although otherwise sufficient.

**2.—Same—Suspended Sentence—Delinquent Child.**

Where, upon trial of a delinquent child, the sentence was confinement to the Girls' Training School for a period of three years, and the record showed that the trial judge refused to let the jury determine whether defendant was entitled to have her sentence suspended, the same is reversible error, under the Juvenile Act, Chapter 26, Acts Thirty-fifth Legislature, Fourth Called Session.

**3.—Same—Practice on Appeal.**

Questions likely not to recur upon another trial, or the sufficiency of the evidence, are not discussed.

Appeal from the Criminal District Court of Dallas.  Tried below before the Honorable R. B. Seay.

Appeal from the conviction of a juvenile; penalty, three years confinement in the Girls' Training School.

The opinion states the case.

*Baskett & DeLee*, for the appellant.

*Alvin M. Owsley*, Assistant Attorney General for the State.—On question of sufficiency of information: Ex Parte McDowell, 76 Texas Crim. Rep., 1; Ex Parte McLoud, 82 id., 500.

MORROW, Judge.—The appellant was prosecuted as a delinquent child and is under an indeterminate sentence confining her to the Girls' Training School for a period of three years.

The sufficiency of the information is challenged.  It charges that she was a delinquent child in that (a) she was an incorrigible child; (b) that she associated with vicious and immoral persons, naming them; (c) that she habitually wandered about the streets of the City of Dallas in the night-time without being on any business or occupation; (d) that she was guilty of immoral conduct in a public place by

having unlawful sexual intercourse with a person, naming him, in a public place, to-wit, in an alley near the City Park in the City of Dallas. Subdivisions (a), (c) and (d) were submitted, and a general verdict rendered. This verdict would be referred to any charge correctly pleaded and submitted to the jury, provided there was sufficient evidence supporting it.

The sufficiency of the evidence being questioned, we will give some attention to the criticisms of the information contained in the motion to quash. The underlying purpose of the statutes defining delinquent children and creating juvenile courts is the protection and reformation of children. The courts have treated them as beneficial, and entitled to favorable construction. Lindsay v. Lindsay, 257 Ill., 328, American and English Annotated Cases, 1914A, 1222, 45 L. R. A., New Series, 908; Ruling Case Law, Vol. 14, p. 278. The consequence of conviction of delinquency is to deprive the delinquent of liberty, and to withdraw him from the paternal care, and in our State both by judicial construction and expressed legislative declaration the prosecutions are required to follow the procedure in criminal cases. Ex parte McCloud, 82 Texas Crim. Rep., 299, 200 S. W. Rep., 394; Ex Parte Pruitt, 82 Texas Crim. Rep., 394, 200 S. W. Rep., 392; Ex Parte Ellis, 82 Texas Crim Rep., 641, 200 S. W. Rep., 840; Miller v. State, 82 Texas Crim. Rep., 495; 200 S. W. Rep., 389; McLaren v. State, 82 Texas Crim. Rep., 449, 199 S. W. Rep., 811; Acts Thirty-fifth Legislature, Fourth Called Session, Chapter 26. The law requires the prosecution to begin by complaint and information. Some light is thrown upon the requisites of the pleading in these proceedings by the statutes and court decisions upon the subject of vagrancy. Vagrancy is an offense consisting of certain acts or omissions which are named in the statute. Cyc. Vol. 39, p. 1109. Our statute on the subject, Penal Code, Article 634, names a number of classes of persons who by their occupation or conduct are classed as coming within the purview of the law denouncing the offense of vagrancy. In charging the offense, however, it is not sufficient to allege that one is a vagrant, but the facts which bring him within one of the classes, his acts or omissions, must be named in the pleading. Walton v. State, 12 Texas Crim. App., 117; Ellis v. State, 65 Texas Crim. Rep., 480, 145 S. W. Rep., 339; Cyc. Vol. 39, p. 1111.

Our statute on the subject of delinquent children defines a delinquent child as follows: "The words 'delinquent child' shall include any male child under seventeen years of age, or any female child under eighteen years of age, who violates any law of this State, or who is incorrigible, or who knowingly associates with thieves, vicious or immoral persons, or who knowingly visits a house of ill repute, or who knowingly patronizes or visits any place where any intoxicating liquors are sold, or who habitually wanders about the streets in the night-time without being on any business or occupation, or who habitually wanders about any railroad yard or tracks, or who hab-

itually jumps on or off any moving train, or who enters any car or engine without lawful authority, or who is guilty of immoral conduct in any public place. Any such child committing any of the acts herein mentioned shall be considered a 'delinquent child,' and shall be proceeded against as such in the manner hereinafter provided and as otherwise so provided by law so as to effect the object of the law.'' Acts Thirty fifth Legislature, Fourth Called Session, Chapter 26.

The averments in the information covering the actions which were submitted to the jury were, we think, sufficient, with the exception of that which charged that the appellant was incorrigible. The particularity required, we think, is not greater than that which obtains in a charge of vagrancy, concerning which see Ex parte Strittmatter, 58 Texas Crim. Rep., 156. The term ''incorrigible'' in its general use means bad beyond correction or reform. See Century Dictionary. In Article 10 of the Penal Code, it is declared that in interpreting the meaning of words used, the context and subject-matter relative to which they are employed may be taken into consideration. The purpose of the statute being the reformation of juveniles, we think it was not the intent of the Legislature that a child, to come within the purview of the law, must be bad beyond reform or correction in an absolute sense, but rather one whose reformation could not be effected by the control to which he was subject, but that to bring it about the intervention of the power of the state would be necessary. See In re Parker, 118 Louisiana, 471; Corpus Juris, vol. 18, p. 475, note 69

Whatever may be the meaning of the term ''incorrigible'' as used in the statute, it would be the acts and conduct of the individual which would characterize him as a delinquent. The information, therefore, charging one with delinquency on the ground that he was incorrigible, should contain averments susceptible of proof describing the conduct claimed to render him subject to the prosecution.

The appellant sought to have the jury determine whether, if convicted, her sentence should be suspended. This effort the trial judge refused to sanction, upon the ground that the statute relating to the suspension of sentences had no application to a juvenile delinquent. Article 865B of the C. C. P. provides that one charged with a felony may invoke the decision of the jury whether his sentence, if convicted, shall be suspended. The juvenile Act under which this prosecution is made contains the following provision: ''If said juvenile be found to be delinquent, *and the sentence be not suspended as provided in the laws of this State in cases of felony on first offenses,* the defendant on conviction shall be committed to the Girls' Training School upon an indeterminate period not extending beyond the time when such juvenile will reach the age of twenty-one years, and the jury trying the case will state in their verdict the time and place of commitment.'' See Chapter 26, Acts Thirty-fifth Legislature, Fourth Called Session. This part of the statute serves no purpose unless it be to add delinquent children to those persons entitled to the benefit of the suspended

sentence law, and to adopt the procedure prescribed for suspending sentences in felony cases. See Acts 1913, p. 8. It is true that delinquency, under the statute, is not a felony, but a delinquent child is subject to confinement for a period of years. This may happen though the transaction with which he is charged may be trivial. The theory upon which the suspended sentence law finds a place in our statutes is that it is a means of reforming first offenders. We find nothing in the statute importing intent to withhold from delinquent children the benefit of the suspended sentence law, but we find language, which we have quoted above, indicating a contrary intent. Such construction is in harmony with the purpose and scope of the legislation, and in our judgment in the instant case the appellant should have been accorded the privilege of having the jury determine whether any sentence that might be made against her should be suspended.

There are complaints of the failure to limit impeaching testimony, and other matters of practice which will doubtless not arise upon another trial. We will refrain from discussing the facts, and order the judgment reversed and the cause remanded because the facts upon which the allegation that the appellant was incorrigible were not pleaded, and because the jury was not instructed upon the law of suspended sentences.

*Reversed and remanded.*