## JOSE ANGEL GUERRERO v. THE STATE.

### No. 5798.   Decided April 21, 1920.

**1.—Delinquent Child—Information—Pleading.**

Merely to charge that the child was incorrigible is too general, and suf-
ficient matter showing the incorrigibiiity of the child must be alleged. Nor
is it sufficient to charge the child with immoral conduct without substantial-
ly alleging such facts as are relied upon to show such immoral conduct.

**2.—Same—Insufficiency of the Evidence—Allegation—Proof.**

Where the allegations against the delinquent child of habitually wander-
ing on the streets at night, or that he knowingly associated with thieves
was not supported by the evidence, the conviction cannot be sustained.

**3.—Same—Guardian—Grandfather—Delinquent Child.**

Where the boy was old enough to choose his legal guardian, his natural
guardians being dead, expressing a wish to live with his uncle affords no
reason why his grandfather should have him prosecuted, because he refused
to comply with his wishes.

Appeal from the County Court of Bexar. Tried below before the
Honorable J. R. Davis.

Appeal from a conviction of a delinquent child; penalty, one year
confinement in the Bexar County Training School.

The opinion states the case.

*Heilbran & Matthews,* for the appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited
cases in opinion.

LATTIMORE, JUDGE.—Appellant was prosecuted as a delinquent
child, in the County Court of Bexar County, and upon trial was ad-
judged to be such, and ordered to be confined in the Bexar County
Training School for one year.

In the complaint and information, four grounds of delinquency are
averred: (1) that appellant is an incorrigible child; (2) that he
knowingly associates with thieves; (3) that he habitually wanders
about the streets at night, without being on any business or occupa-
tion; (4) that he is guilty of immoral conduct in public places, to-wit,
the streets of San Antonio.

In Hogue v. State, 87 Texas Crim. Rep., 170, we held that merely
to charge one as an incorrigible was too general, and that such charge,
to be sufficient, must be accompanied by allegations of sufficient mat-
ters, showing incorrigibility. We now make the same holdling as to
the fourth ground of delinquency, above stated. We think that to

charge one with immoral conduct, it is not sufficiently specific, and that the form of the pleading should set out substantially such facts as are relied upon to show immoral conduct. This leaves only two grounds of delinquency sufficiently alleged in the State's pleading in the instant case. Turning to the statement of facts, which contains less than two pages, and examining the testimony of the only witness for the State, we find nothing from which it could be inferred that the appellant habitually wandered on the streets at night, or that he knowingly associated with thieves; in fact, there is nothing in the record to support any of the four grounds of delinquency which are attempted to be charged against appellant. The cause must be reversed for the insufficiency of the testimony. In this connection, it appears that the boy is of an age such as that he may legally choose his own guardian, his natural guardians being dead; and the fact that he wishes to live with his uncle in the country, and to have him for his guardian, affords no reason why his grandfather should have appellant prosecuted because he refuses to comply with the wishes and directions of said grandfather.

For the reasons stated, the cause is reversed and remanded.

*Reversed and remanded.*