### C. Benson v. The State.

No. 7357.    Decided January 24, 1923.

**Vagrancy—Insufficiency of the Evidence—Habitual Association with Prostitutes.**

Where, upon trial of vagrancy for habitually associating with prostitutes, evidence was properly admitted that the women with whom defendant associated were prostitutes, yet the evidence was inadequate to sustain the averment that defendant's association with prostitutes was habitual, and the judgment must be reversed and the cause remanded. Following Ellis v. State, 65 Texas Crim. Rep., 480, and other cases. This complaint as to the information can not be considered in the absence of a motion to quash.

Appeal from the County Court of Wichita. Tried below before the Honorable Guy Rogers.

Appeal from a conviction of vagrancy; penalty, a fine of $200.

The opinion states the case.

*Fred K. Spurlock, Mathis & Caldwell,* for appellant.—Cited: Wallace v. State, 141 S. W. Rep., 95, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for vagrancy; punishment fixed at a fine of $200.

The offense is denounced by Articles 634 and 636 of the Penal Code. In substance, they declare that "all male persons who are habitually associated with prostitutes are vagrants."

The State's witness Ligon, a deputy constable, had known the appellant for about six months. He had seen him on a certain day in May in a public waiting-room in the depot, about 4:00 or 4:30 o'clock in the morning, and a girl was sitting upon his lap. There were two girls present, and the witness knew them by reason of having arrested them on a previous occasion and knew them to be prostitutes. He saw the appellant with them at no other time, though the appellant, in a conversation with him, had stated that he had taken these girls to Iowa Park on Sunday.

Tom Giesler, another constable, saw the appellant in company with the women on the same occasion as that mentioned in the testimony of Ligon. The witness had on a previous occasion arrested the girls and testified that they were prostitutes.

Macy, a member of the Police Department at Electra, saw the appellant with the same girls on the same night, but could not say that he had seen them together at any other time. At the time he saw them, they were riding in a car. This witness was unable to state whether the women were prostitutes or not. The girls were arrested by the officers and the appellant paid their fines. According to the testimony of the jailer, the girls were in jail for about three days, and the appellant came to the jail and talked to them, and also paid their fines.

Giesler also testified that he had seen the appellant on the street with the women two or thre times between the 18th and the 27th of May.

We think that the evidence of the officers that the women were prostitutes was competent. The complaint of the information that it did not allege the names of the persons with whom the appellant associated, if sound (and upon this we express no opinion), was waived by the failure to present a motion to quash and is not available in a motion in arrest of judgment.

The evidence, however, is deemed inadequate to sustain the averment that the appellant's association with prostitutes was "habitual." See Ellis v. State, 65 Texas Crim. Rep., 480; King v. State, 78 Texas Crim. Rep., 408, 181 S. W. Rep., 736; Martoni v. State, 74 Texas Crim. Rep., 90, 166 S. W. Rep., 1169. The evidence does not satisfactorily show that the appellant was in company with the women in question on more than one occasion. It is true that one witness said that he saw them together two or three times, but we gather from the record that this was two or three times upon the same day. If, however, this is not the correct interpretation, we think that the evi-

dence would classify the association as occasional rather than habitual.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*