Josephine Hardy v. J. H. McClellan.

53　507
71　726

53　507
94　591

1. Chancery. *Practice. Receiver. How appointed. Notice. Case in court.*
On 7th January, 1874, on the *ex parte* petition of M., vendor of land then in possession of the heirs of H., the vendee, asking for a receiver to rent the land and collect rent, an order appointing a receiver was made by the Chancery Court. On 17th of same month, on motion of attorneys for the heirs, the order appointing the receiver was set aside, the vacating order reciting that "notice was then given by the complainant, and received by the solicitors of the defendants," some of whom were minors, "in court," and "ordered that the application be heard in vacation ten days from this date." On 23d October, there being no parties and no notice, except as above, a decree was made appointing a receiver to take charge of and sell cotton raised on the place on which H. lived at his death, and hold the proceeds subject to order of court. In April, 1875, in a case in the same court, styled *M.* v. *H.'s Heirs,* on motion of the complainant, an order was made on the receiver to pay the complainant the amount in hand. On petition of the widow of H. to vacate the last order, *held,* that although the case of *M.* v. *H.'s Heirs* was filed on 17th March, 1874, inasmuch as no reference was had thereto in the decree of 23d October, 1874, but it was made in pursuance of the petition and in renewal of the application pending, the whole proceeding was erroneous, the several orders should be reversed, the petition of M. dismissed, and he taxed with all the costs arising on his petition.

2. Same. *General principle.*
To authorize the appointment of a receiver there must be a suit pending, and ten days' notice of the time and place of making the application must be given to the opposite party, unless it should be made to appear that an immediate appointment is necessary, in which case it may be made without notice; but there must be a case in court and an opposite party to warrant the appointment of a receiver.

Appeal from the Chancery Court of Marshall County.

Hon. S. C. Abbott, Chancellor.

The case comes up from a decree sustaining a demurrrer to a petition by Josephine Hardy, the widow of Moses Hardy, to vacate an order made in the case of *John H. McClellan* v. *Moses Hardy's Heirs,* directing W. A. Bryan, as receiver, to pay over the money in his hands to the complainant in that case.

The following is a literal copy of the order *appointing* a receiver. The order is styled of no case whatever.

" Upon Application for Receiver.

" This cause coming on upon the renewal of the application pending in this cause, and proofs, after argument of counsel, the court being fully advised, doth order, adjudge and decree that William Bryan be and he is hereby appointed receiver in this cause, and as such is directed to take into his possession the cotton raised on the place on which Moses Hardy lived at the time of his death, and sell the same, and hold the proceeds subject to the order of this court, and that he report his actings and doings under this decree to this court, and that he execute bond with W. S. Walker as surety in the sum of a thousand dollars for faithful performance of the duty conferred by this decree.

" Ordered, adjudged and decreed this 23d October, 1874."

There was no notice to anybody that an application would be made for this decree, except what might be supposed to have arisen from certain proceedings to appoint a receiver to take charge of land and collect the rents had in the preceding January, and which are set out in the opinion of the court.

All other facts necessary to a full understanding of the opinion are also set out in the opinion of the court.

*Watson & Smith*, for the appellant.

1. The order appointing a receiver to take charge of the land and collect the rents was made upon a mere petition, there being no bill filed and no case in court at the time. This should not be done except in very special cases of emergency. High on Receivers, § 83, and note, with authorities cited.

2. Were it usual and proper to appoint a receiver upon a mere petition, it certainly would not be done unless the facts set out in the petition made the appointment of a receiver necessary. The petition in this case does not allege that the property on which the petitioner held a vendor's lien was inadequate security for the debt. That a receiver will not be appointed unless such is the case see *Vause* v. *Woods*, 46 Miss. 120; *Myers* v. *Estell*, 48 Miss. 372, 403; *Insurance Co.* v. *Stebbins*, 8 Paige, 565.

3. The petition and order appointing a receiver were purely

*ex parte.* The parties in possession of the property were not even made defendants to the petition; nor was there ever any motion made in the cause. Where there is no motion, and no parties defendant on whom process can be served, the action of the court is null and void. *Whitehead* v. *Wooten,* 43 Miss. 526; *Vause* v. *Woods, ubi supra;* High on Receivers, p. 63, § 84; Code 1871, § 1052.

4. The decree appointing the receiver, entered at the October Term, 1874, is fatally defective, in requiring the appointee to execute bond with only one surety, and in violating the statute in the condition of the bond. Code 1871, § 1053.

5. Without any account by said illegally appointed receiver, to discover what he had in his hands, the court ordered him to turn over the money to the complainant, in the case of *McClellan* v. *Moses Hardy's Heirs.*

6. The petition of the widow of Moses Hardy, to vacate said order, should have been sustained. The widow is entitled to the possession of the dwelling-house and plantation of her deceased husband, until dower is assigned her. Code 1871, § 1292. Deprived of the fruits of that right by an *ex parte* and illegal proceeding, she asks that it be set aside, on the ground that the court had no jurisdiction of her person, by service of process or otherwise.

*Strickland & Fant,* for the appellee.

1. The allegations of the petition that the lands were liable to trespass, waste and injury, with the insolvency of the estate, and the fact that the sale of the lands would not satisfy the vendor's lien, were sufficient to warrant the appointment of a receiver. *Myers* v. *Estell,* 48 Miss. 372; *Mayo* v. *Rose,* Freem. Ch. 718; *Bank of Ogdensburg* v. *Arnold,* 5 Paige Ch. 42; 8 Paige Ch. 565; 11 Paige Ch. 327, 436.

2. No question of dower can arise in this case. *Watkins* v. *Hargroves,* 42 Miss. 26; *Cocke* v. *Bailey,* 42 Miss. 81.

3. That the condition of the bond is irregular, and there is only one surety, cannot affect the appointment, after the bond was approved by the court.

4. The necessary parties were before the court when the decree of appointment was made in October, 1874. The heirs had no interest in the land, because the estate was insolvent,

and *nothing had been paid* on the land. *Holloway* v. *Moore*, 4 S. & M. 594 ; *Hatch* v. *Cobb*, 4 Johns. Ch. 559 ; *McIlroy* v. *Alsop*, 45 Miss. 366 ; *Paston* v. *Mhoon*, 49 Miss. 620 ; *Giffin* v. *Lovell*, 42 Miss. 402. The widow, being in possession of the premises, became a party, and contested the petition.

5. The whole proceeding of the appointment was regular, legal and right upon principle, analogy and authority. High on Receivers, §§ 116, 643, 666 ; 11 Paige Ch. 436.

6. The application for a receiver was based partly upon the fact that a bill to sell the land was to be filed in a few days, and was so filed, and that proceeding was progressing. This was a proceeding pending that litigation necessary to protect the fund to which the vendor could alone resort for protection.

7. Before the decree in this case was pronounced, of which the appellant complains, the land was sold for the purpose of paying the purchase-money, and failed to pay it by over one thousand dollars. This was in proof before the Chancellor, and he therefore knew when he made the decree in this case that the land was inadequate security.

CAMPBELL, J., delivered the opinion of the court.

McClellan presented a petition to the Chancellor, stating that he had sold land to Moses Hardy on credit, and that Hardy had given him notes for the purchase-money, and had taken possession of the land, and died, without paying any part of the purchase-money ; that Hardy's estate was insolvent, and had no administrator, and the land was liable to trespass and damage ; that the petitioner had prepared and *would file* in a few days " his bill to enforce the contract, and have the land sold to pay the purchase-money." Therefore he prayed the appointment of a receiver to rent the land, and collect the rent, and hold subject to the order of the court, to be paid to the petitioner, if he should succeed in having the land sold under his bill to be filed. There was *no party defendant to this petition.* It was presented to the Chancery Court on the 7th January, 1874, and on that day its prayer was granted, and an order made for appointment of a receiver. On the 17th January, 1874, on motion of attorneys for the heirs of Moses

Hardy, the order appointing a receiver was set aside, and after the order setting aside the order for a receiver, and in continuation of it, is the following: " And the complainant gives notice that he will apply for the appointment of a receiver ; and the said defendants, being in court by their solicitors, accepted said notice as sufficient; and it is further ordered that said application be heard in vacation ten days from this day, or at such time as may be agreed upon by the parties."

On the 23d October, 1874, a decree was made for the appointment of a receiver, who was directed by the decree to take into his possession the cotton raised on the place on which said Moses Hardy lived at the time of his death, and sell the same, and hold the proceeds subject to the order of the court, &c. *There were no parties and no notice,* except as shown above. In April, 1875, in a case styled " *J. H. McClellan* v. *Moses Hardy's Heirs,*" the complainant moved the court for an order to Bryan, receiver, to pay to the complainant the amount in his hands as said receiver. This motion was granted, and the appellant, who is the widow of Moses Hardy, petitioned said court to rescind the order granting said motion, and to permit her to contest the petition of the appellee for a receiver, &c. The appellee demurred to the petition of the appellant; and his demurrer was sustained, and the petition of the appellant dismissed. There was a mass of testimony taken on the motion to order the receiver to pay to the appellee the money in his hands ; and an elaborate decree was rendered, abounding in recitals of what the court found, but it is unnecessary to notice these, as the whole proceeding, in its beginning, progress and termination, was novel, extraordinary and unwarrantable. The court had no right to appoint a receiver on the *ex parte* petition of the appellee. *He had no case in court.* He had not filed his bill, although his petition shows he had it prepared and ready, and intended to file it in a few days. The order appointing a receiver was without notice, and on its face does not conform to the petition, which was to have a receiver to take charge of *land,* whereas the order appoints one to take *cotton.* It may be stated generally, that to authorize the appointment of a receiver there must be a suit pending, and ten days' notice of the time and place of making the application must be given to the opposite

party, unless it should be made to appear that an immediate appointment is necessary. Code, § 1052. Where it is made to appear that an immediate appointment is necessary, it may be made without notice to the " opposite party," but there must be a case in court, and an opposite party to warrant the appointment of a receiver. *Whitehead* v. *Wooten*, 43 Miss. 523.

It appears in evidence, on the motion to require the receiver to pay the money from the cotton to the appellee, that the appellee did exhibit his bill to enforce his claim for purchase-money on the land on the 17th March, 1874; and, as it is in evidence that Moses Hardy died leaving a widow and two children, it must be supposed they were made parties to this bill. But the order for appointment of a receiver was made in pursuance of the *ex parte* petition, filed more than two months before the bill was filed; and although the order appointing a receiver was made more than six months after bill filed, it was " upon the renewal of the application pending," and in pursuance of the petition; and no reference was had to the pending suit, and no notice was given to the " opposite party;" and it does not appear that the opposite party appeared in person or by counsel. The children, who were infants, could not appear by attorney.

The order appointing a receiver ought not to have been made.

The decree ordering the receiver to pay over the money, and the decree dismissing the petition of the appellee, and the order appointing a receiver, are severally reversed, and the petition for the appointment of a receiver is dismissed, and the appellee will be taxed with all the costs of the proceedings founded on said petition. No opinion is expressed or intended to be intimated as to the rights of parties to the fund in the receiver's hands. The court has power to require the receiver to account, and the rival claimants to the money in his hands may assert their claims by such proper proceedings as they may be advised to institute.