PARKER *v.* SMITH *et al.*[*]

(Division B.  May 21, 1928.)

[117 So. 249.  No. 27179.]

850

*Corpus Juris-Cyc. References: Infants, 31CJ, p. 1149, n. 93; p. 1150, n. 24, 28; p. 1152, n. 53; p. 1153, n. 71; p. 1155, n. 92; Justices of the Peace, 35CJ, p. 813, n. 83; p. 815, n. 4.

*Howorth & Howorth*, and *Somerville & Somerville*, for appellant.

*N. R. Allen*, for appellees.

PACK, J. This case involves the validity of process on a minor. It arises out of this state of facts: Randall

Smith, appellee, an unmarried negro boy, seventeen years of age, desired to take a ride in Tom Parker's car. Without the consent of Parker, the boy drove the car, and wrecked it on a bridge. Parker sued the boy for damages in the justice of the peace court. The summons in question is herewith quoted:

"This is to command you to summon Randall Smith to appear before me, a justice of the peace of the Fifth district of Bolivar county and state of Mississippi, at my office in the town of Shaw, in the said county and state, on the 12th day of January, 1927, at 2 o'clock P. M., to answer the suit of Thomas Parker, and have then and there this writ.

"Witness my hand this 29th day of December, A. D. 1926,"

The officer's return thereon reads:

"I have executed the writ on the reverse side hereof by reading the same to Randall Smith in person on this the 29th day of December, A. D. 1926, and make my return therewith."

Before trial in the justice of the peace court, it was discovered that John Thomas was the guardian of said minor. Thereupon separate summons was issued, and served upon the guardian. This summons reads as follows:

"This is to command you to summons John Thomas, guardian of Randall Smith, a minor, to appear before me, T. D. Allen, Jr., a justice of the peace for the Fifth district of Bolivar county, at Shaw, on the 26th day of January, A. D. 1927, at 2 o'clock P. M., to answer the suit of Thomas Parker against the said Randall Smith, and have then and there this writ.

"Witness my hand this the 17th day of January, A. D. 1927."

It seems that all parties appeared before the justice court for trial, which resulted in judgment for defend-

ant; the justice of the peace holding that the minor had been legally served with process.

On appeal to the circuit court, the motion of defendant to dismiss the suit on the ground that the minor had not been legally summoned was sustained, from which action of the court, the appellant, Parker, plaintiff in court below, appears to this court.

Section 3929, Code of 1906 (section 2936, Hemingway's Code 1917; section 2140, Hemingway's Code 1927), provides how minors must be served with process. It reads:

"If the defendant be an unmarried infant, the process shall be served on him personally, and upon his father or mother or guardian, if he have any in this state; but if he be married, process may be served as on an adult. If an unmarried infant be joined as codefendant with his father or mother or guardian, it shall not be sufficient to summon such infant and his father, or such infant and his mother, or such infant and his guardian, in one process, but one copy of the process shall be served on the infant personally and a copy served personally on such father or mother or guardian."

The appellant argues that the minor, having appeared in person before the justice court, became subject to the jurisdiction thereof, and such appearance would cure any defect in the process. Conceding that this rule is applicable to adults not under disability, it could have no application to minors. It is well settled that the infant can waive none of his rights; that no jurisdiction can be had over the person of an infant, except by the issuance and service of process in the manner required by our statute. *Price, Adm'x,* v. *Crone,* 44 Miss. 571. If the infant be not legally served with process, the appearance of his solicitor, although employed by him, will not bind the infant. *Hardy* v. *McClellan,* 53 Miss. 512. The minor in the case at bar was not personally served with process. A mere reading of the summons to him was not complying with the statute. It was necessary that a copy of the

summons be delivered to him. Neither was a copy of the summons, attempted to be served upon the minor, served upon the guardian. The writ served upon the guardian was a separate and distinct summons, and was made returnable on a different day. It is safer to follow the statute.

' Appellant complains that there is now a judgment of the justice of the peace court against him on the merits, and also a judgment of dismissal of the circuit court, and that, under section 2400, Hemingway's 1927 Code, the judgment of the justice of the peace court could now be pleaded as *res adjudicata.* This would be true but for the appeal to the circuit court. The case on appeal to the circuit court stood as if it had never been tried before. It was to be tried anew. *Amory Independent Telephone Co.* v. *Cox,* 103 Miss. 541, 60 So. 641; *Callahan & Co.* v. *Newell,* 61 Miss. 437; section 2746, Code 1906 (section 2400, Hemingway's 1927 Code). The justice of the peace having no jurisdiction over the person of the minor, the circuit court had none. The judgment of dismissal in the circuit court did not infuse new life in the judgment of the justice of the peace court.

We do not think that part of the statute of jeofails (section 610, Hemingway's 1927 Code [section 596, Hemingway's 1917 Code; section 808, Code of 1906]), cited by appellant, can be invoked, for the same reason that the cause on appeal to the circuit court was for trial *de novo.*

It follows that the case must be affirmed.

*Affirmed.*