THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* HELEN PIKUNAS, Appellant.

(Submitted October 6, 1932; decided October 18, 1932.)

*Thomas R. Fay* and *George A. Gibson* for appellant.
The violation of section 486 of the Penal Law under

which the defendant was adjudged a delinquent child was repealed by the Children's Court Act (Laws of 1930, chap. 393). The adjudication that the defendant is a delinquent child cannot be sustained under other subdivisions of the Children's Court Act with a violation of which she was not charged at the hearing and which are not set forth in the commitment. (*People ex rel. Van Riper* v. *N. Y. C. Protectory*, 106 N. Y. 604; *People* v. *Fitzgerald*, 244 N. Y. 307.)

*Elvin N. Edwards, District Attorney* (*Philip Huntington* and *Richard H. Brown* of counsel), for respondent. The defendant was properly adjudged to be a delinquent child. (*People* v. *Fitzgerald*, 244 N. Y. 307; Children's Court Act, § 22.)

POUND, Ch. J. The record in this case is not a satisfactory one on which to deprive a fifteen-year old child of her liberty, with proper regard for due legal process. Juvenile delinquency is not a crime and the acts charged here do not involve any crime. (Children's Court Act [L. 1922, ch. 547, as amd. L. 1930, ch. 393], § 45; Penal Law, § 2186.) The strict rules of criminal procedure for the protection of parties accused of crime are, therefore, inapplicable to the proceedings. Full and complete records must be kept. (Children's Court Act, § 45.) Some degree of informality is to be expected. (*People* v. *Fitzgerald*, 244 N. Y. 307, 312.) It is, however, reasonable to require that some form or forms of juvenile delinquency be charged in the complaint, established by the evidence and found by the court before the child may be committed to a disciplinary institution, so that it may appear that it is the law which determines the commitment and not the ukase of the magistrate, however wise and judicious he may be.

The gist of the charge against appellant is that she deserted her home without good or sufficient cause in violation of section 486 of the Penal Law. It was on

this charge alone that she was adjudged delinquent and committed to an institution; but this clause of the Penal Law is inapplicable as it is inconsistent with the Children's Court Act. (Children's Court Act, § 45.) The Children's Court Act (L. 1930, ch. 393, § 2, par. 2 [d]) defines "delinquent child," in this connection, as a child "who, without just cause and without the consent of his parent, parents, guardians or other custodian, *repeatedly* deserts his home or place of abode," and thus applies to habitual truancy and not to a single act of truancy. The evidence in this case, so far as set forth in the record, indicates but one absence from home, accompanied, it is true, by an act or acts of sexual intercourse with a man who, defendant says, forced her to stay in a car with him. A child who is forced into a car and taken away from home without her consent cannot be said to "desert her home without good and sufficient cause" and one such act in its worst aspect is not to be described as *repeatedly* deserting one's home. If she went willingly and actually if not legally consented to sexual intercourse, she might be regarded as delinquent and a proper object for commitment to a suitable institution, but on this record the finding is merely that she deserted her home without good and sufficient cause.

The Children's Court Act, § 22, provides that the court after hearing and determining the case if satisfied that the child is in need of the care, discipline and protection of the State, may adjudicate the child to be delinquent, and commit the child to a suitable institution.

Proper regard for the rights of the child requires that the court should hear and determine some charged act or acts of juvenile delinquency as defined in the Children's Court Act, § 2, and not decide, to the judge's own satisfaction merely, that "she should have some correction," without regard to the nature of the charge or the proof. Arbitrary action in this case was perhaps a matter of form rather than substance but we think that the ends of justice

require that a more complete record (Children's Court Act, § 45) be made the basis of an adjudication under the Children's Court Act so that it will clearly appear that such adjudication is legal.

The judgment should be reversed and a new trial ordered.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment reversed, etc.