MADDOX *v.* BUSH, SUPERINTENDENT.

.(In Banc.   Oct.  27,  1941.)

[4 So. (2d) 302.   No. 34805.]

Cephus Anderson, of Hattiesburg, for appellant.

**Greek L. Rice,** Attorney-General, by **Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

By a decree of the Chancery Court of Forrest County, appellant, a minor, was committed to the Mississippi Industrial and Training School. Thereafter, by next friend, he exhibited his petition in habeas corpus to secure his release from confinement on the ground that the decree of committal by the chancery court was void for want of jurisdiction of appellant. On the hearing in the present case it was shown by the record in the committal proceedings that no process was issued therein for appellant, and there being no process, of course none was served on him.

And it is nowhere shown that the minor was present at the committal hearing, if that be deemed material.

Process was issued for and was served on his father, and also on his grandfather and grandmother, the minor being in the custody of the grandparents at the time. It is contended by the School that Section 7252, Code 1930, under which the committal was had, does not require process to the infant, and that, therefore, none was necessary.

The answer to that contention is found in Jack v. Thompson, 41 Miss. 49, 50, which involved the validity of a judicial proceeding wherein a minor was apprenticed and wherein the proceedings were had without notice to him. The court said: ''The act does not require this notice, and doubtless the court below, looking to the act of the legislature as the source and measure of its duty, as well as of its power, for this reason deemed it unnecessary. But the principle is universal, that no judgment, order, or decree is valid or binding upon a party who has no notice of such proceeding against him. The court must not only have jurisdiction of the subject-matter, but also of the person, to give validity to its final judgments, orders, and decrees, and it is not in the power of the legislature, under our constitution to dispense with this notice either actual or constructive.'' See Bryant v. Brown, 151 Miss. 398, 424, 118 So. 184, 60 A. L. R. 1325.

Reversed and remanded.