LEE, et al. *v.* STATE.

June 9, 1952.

No. 38425 (59 So. (2d) 338)

**Earle Wingo,** for appellants.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Arrington, J.**

Joe Lee, Edward Smith and Dudley J. Lee were jointly indicted in the Circuit Court of Pearl River County for the crime of grand larceny, tried, convicted, and sentenced. Joe Lee and Edward Smith were sentenced to serve terms of five years each in the state penitentiary.

Dudley J. Lee was sentenced to serve a term of two and one-half years in the penitentiary. From this judgment and sentence, they appeal.

The appellant, Dudley J. Lee, assigns as error that the Circuit Court of Pearl River County was without jurisdiction at the time of his indictment, trial and conviction for the reason that he was only 17 years of age. The appellants assign as a second ground that they were denied a fair and impartial trial because of the prejudicial remarks, improper rulings and comments of the trial judge throughout the entire trial of the case. The first assignment as to Dudley J. Lee is well taken, as the uncontradicted proof shows that he was only 17 years of age at the time of his indictment, trial, and conviction, having become 17 years of age on July 7, 1951. ██ Under the authority of the recent case of Wheeler v. Shoemake, Miss., 1952, 57 So. (2d) 267 the Court, in construing the Youth Court Act, Chapter 207, Laws of 1946, held that under Section 3 of the act that the circuit court had no jurisdiction over one 17 years of age and that the original exclusive jurisdiction was in the Youth Court Division of the Chancery Court, or the Youth Court Division of the County Court.

██ As to the second assignment argued, we have carefully examined the record in this case and do not find that the rulings or comments of the circuit judge were such as to prejudice the rights of the appellants. The Court, in the case of Bumpus v. State, 166 Miss. 276, 144 So. 897, 899, with reference to a similar assignment, said:

"In passing, we will say that the statute invoked does not place the judge in a straitjacket nor prevent him from having anything to say during the progress of a trial. Of course, he should keep off of the province of the jury, and not try to influence their verdict; and while it might be safer for him to rule without giving his reasons therefor, he has the

right to give such reasons if he so desires, and to show why, in his opinion, the reasons advanced for a contrary ruling are unsound. In so doing, he may go too far and transgress the proprieties; but such is not the case here.

"It is true that 'an overspeaking judge is no well-tuned cymbal,' but, in language somewhat similar to that of Mr. Justice McReynolds, in Berger v. U. S., 255 U. S. [22], 43, 41 S. Ct. 230, 65 L. Ed. 489, neither is an aphonic dummy a becoming receptacle for judicial power."

The evidence as to the guilt of the appellants was abundant and overwhelming. As to Joe Lee and Edward Smith, the judgment is affirmed; as to Dudley J. Lee, the judgment is reversed and the indictment quashed, the original exclusive jurisdiction over him being in the Youth Court Division of the Chancery Court of Pearl River County.

Affirmed as to Joe Lee and Edward Smith; reversed and indictment quashed as to Dudley J. Lee.

**Roberds, P. J.,** and **Lee, Kyle,** and **Ethridge, JJ.,** concur.