SHIRLEY ANN MONK, A MINOR, ETC., *v.* STATE.

No. 41319 January 11, 1960 116 So. 2d 810

*Laurel G. Weir,* Philadelphia, for appellants.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ROBERDS, P. J.

The Chancery Court of Scott County, Mississippi, by judgment dated April 7, 1959, ordered that Shirley Ann Monk, a minor female, not quite sixteen years of age, be committed to the custody of the Mississippi Industrial Training School until she should become twenty-one years of age, or be previously paroled. From that order the infant and her parents prosecute this appeal. They raise a number of questions on the appeal but we deem it necessary to decide only two of them.

■■■ They first say the court had no jurisdiction of the minor. They draw that conclusion from these circumstances: No personal notice of this hearing was had upon the parents or the minor. They did appear in court, but nowhere in the record is it shown that the appearance of the minor was voluntary. Section 7185-06, Miss. Code of 1942, Annotated, requires that, in the absence of personal service of process, the appearance of the minor and the parents shall be voluntary. ■■■ It is recited in the committal order that the court had jurisdiction of the parties, but in this proceeding that is a conclusion

and the facts showing jurisdiction of the minor should be affirmatively stated. ■■ ■ The Youth Court is a court of statutory and limited jurisdiction and the facts vesting jurisdiction should be shown affirmatively. Bryant, et al v. Brown, 151 Miss. 398, 118 So. 184 (1928). ■■■ While such a proceeding is not criminal, it is quasi-criminal. Bryant, et al. v. Brown, supra. Grave and permanent derogatory and condemning charges are made and adjudicated and placed of public record against this young lady. It is important that compliance with the law be had to bring her into court under such charges. Immaturity and susceptibility of minors to command, or desire of officials and parents and other adults, impress upon courts a special caution to see that their personal rights are guarded and protested. This may explain, to some extent, the reason the Legislature provided that, if no personal service of process was had, the appearance of the minor in court at such a hearing should be voluntary. It might be added that, as a precaution, personal service can usually be had with little trouble. Usually an officer apprehends the delinquent anyway. By our holding herein we do not mean to decide that a minor can confer jurisdiction by appearance and consent. That question is not before us. We are passing on the issue presented and are assuming, without deciding, that this may be done.

■■ ■ The second contention which we decide is that the chancellor had no authority to confine the minor in the Industrial Training School until she becomes twenty-one years of age; that the limit of time vested in the court by the statute is the twentieth birthday of the infant. The contention is well taken, Section 7185-09 so limits the confinement.

Reversed and remanded.

*McGehee, C. J.*, and *Hall, Lee, Kyle, Holmes* and *Gillespie, JJ.*, concur.

ETHRIDGE, J., Dissenting:

The controlling opinion concludes that the decree of the Youth Court of Scott County, committing appellant to the Mississippi Industrial School as a delinquent child, is invalid because the record does not reflect the trial court had jurisdiction of the minor by a voluntary appearance with her parents. The Court holds by inference that the two adult appellants, parents of the minor, appeared before the court and were subject to its jurisdiction. However, I cannot agree that the minor was not properly within the jurisdiction of the Youth Court. In my opinion, the record reflects the contrary.

Miss. Code 1942, Sec. 7185-06, provides for personal service of process upon the parents and the minor, not less than three days before the date set for hearing, "unless service of summons be waived by voluntary appearance as hereinafter set forth." The second paragraph of Sec. 7185-06 then states: "and in case of voluntary appearance before the date set for the hearing, the court may, in its discretion, proceed to a hearing at any time after said petition has been filed, regardless of the date set for the hearing. In case a parent or guardian of such child, or the custodian of such child, if a parent or guardian cannot be located, appear before the court with the child without the service of summons on either of them, including the child, or being present in court with the child after service of summons on either of them, and make no objection to the process or lack of process, the court shall have the right to proceed to the hearing of the case the same as if summons had been served on each of them; and any irregularities in the issuance or services of process on either of them shall not deprive the court of jurisdiction of the child and the right to proceed to a hearing."

In brief, if the parents appear before the court with the child the Youth Court may proceed to the hearing without service of summons. The record clearly reflects that these statutory requirements for jurisdiction

were met. On March 17, 1959, the county attorney filed a petition to have the minor adjudicated a delinquent child. Code Sec. 7185-05. The Youth Court Referee of Scott County, exercising the powers of the Youth Court under Code Sec. 7185-14, entered on the same day an "order resetting cause." It recites that the petition came on to be heard "and the mother, Mrs. Hassie Comans Monk, and the father, Bob Monk, appearing at said hearing together with said minor, and said parents having requested the Court to investigate the matter of delinquency and incorrigibility of said child, and the Court having considered the same and being of the opinion that said child should be examined physically, and this cause continued until such time as the result of said physical examination may be had;" the court therefore reset the matter for hearing on April 6, 1959, three weeks away. It is significant that this order states that the mother and father appeared at the hearing with the minor, and requested the court to investigate the facts.

On April 7, 1959, the Chancellor and the Youth Court Judge entered a decree reciting the petition had been reset for hearing before the court, and it came on for hearing on "oral evidence". The decree further states: "and the minor child, Shirley Ann Monk, and her father and mother, Bob Monk and Hassie Comans Monk, having appeared before the court in person, and the Court finds and adjudicates that it has jurisdiction of the parties and the subject matter, and that Shirley Ann Monk, a white female child, is a delinquent child within the meaning of the statute.

"It is, therefore, ORDERED, ADJUDGED AND DECREED that the said minor child, Shirley Ann Monk, be and she is hereby committed to the Mississippi Industrial Training School, ...."

In summary, on March 17 the parents and the minor appeared before the Court. The parents requested the court to investigate the matter and the cause was set for hearing three weeks later. On April 7, the chancellor

heard evidence and found the minor a delinquent child under the statute. The parents and the minor again appeared before the court in person. The trial court adjudicated this, and adjudicated that it had jurisdiction of the parties and the subject matter. It was in a much better position to so decide, having heard from the parents and the minor, and observed their demeanor, than we are on appeal. After having heard the evidence, the court found the minor to be a delinquent child. It seems to me that the Youth Court made all necessary adjudications to bring the proceedings clearly within the precise terms of the statute. Presumably, this Court would have held that the appearance was "voluntary" within the statute if the decree of April 7 had simply used that adjective. My point is that both decrees amply show in fact that the parents and the minor had voluntarily appeared before the court and participated in the hearing.

It is also significant that appellants failed to bring up on appeal a transcript of the testimony upon which the trial court acted. In the absence of it, all reasonable presumptions in favor of the court's jurisdiction should be indulged and applied.

Moreover, although the Youth Court has a particular jurisdiction, it has exclusive, original jurisdiction in all proceedings concerning any delinquent or neglected child, except in capital cases. Code Sec. 7185-03; Wheeler v. Shoemake, 213 Miss. 374, 57 So. 2d 267 (1952); Lee v. State, 214 Miss. 740, 59 So. 2d 338 (1952). The Legislature directed that the act should be liberally construed to the end that each child coming within the jurisdiction of the court "shall receive such care, guidance and control . . . as will conduce to the child's welfare and the best interest of the state . . ." Code Sec. 7185-26. So it seems to me that the controlling opinion adopts an unrealistic and hypercritical attitude toward the facts evidenced by the two decrees of the chancery court, sitting as a Youth Court.

It is well established that statutes creating courts having jurisdiction of juvenile offenders are not invalid although they do not provide for formal notice. Waiver of the issuance and service of summons upon the required parties may be made by their voluntary appearance. 31 Am. Jur., Juvenile Courts, Secs. 64-65; 43 C. J. S., Infants, Sec. 99, p. 248; see also Anno., 76 A. L. R. 242, 251 (1932). The Texas youth court statute appears to have a similar provision. Lazaros v. State, 228 S. W. 2d 972 (Tex. Civ. App., 1950), upheld the jurisdiction of the trial court under circumstances similar to the instant facts. This record amply reflects that the minor and the parents appeared before the court on two occasions, asked it to make a further investigation, and were subject to its jurisdiction. It contains considerably more than a mere recital of jurisdiction.

The controlling opinion states, *obiter,* that a Youth Court proceeding "is not criminal, it is quasi-criminal," citing Bryant v. Brown, 151 Miss. 398, 118 So. 184 (1928). That case did not deal with the Juvenile Court Act of 1946, but was concerned with the limited provisions of Miss. Laws 1916, Ch. 111. Moreover, the decision in Bryant was placed squarely on the ground that a proceeding for commitment of a delinquent child to a training school is a civil and not a criminal proceeding. This is uniformly the law both here and elsewhere, and has been expressly adjudicated by this Court with particular reference to the Youth Court Act of 1946 in at least two cases. Wheeler v. Shoemake, *supra;* Lee v. State, *supra.* However, the present decision, as I construe it, is limited to the holding that the decree does not recite a voluntary appearance by the minor with her parents. My disagreement with that conclusion is based upon the facts and findings in the two decrees entered by the Youth Court of Scott County. They bring the court's jurisdiction within the statute.

*Arrington, J.,* joins in this dissent.