■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO RATAJCZAK, Appellant.— Order unanimously affirmed. (Appeal from order of Erie County Court denying petitioner's application for writ of error *coram nobis*.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ KATHERINE STELLA et al., Respondents, v. EASTMAN KODAK CO., Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Monroe Special Term granting plaintiffs' motion for discovery and inspection of statements made to defendant's investigators.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry. JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM A. TARPLEY, Appellant.— Order unanimously affirmed. (Appeal from order of Erie Special Term denying without a hearing petitioner's motion for writ of error *coram nobis*, and dismissing the petition.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ In the Matter of EUGENE MILLER, an Infant.— Order unanimously reversed on the law and facts and petition dismissed, without costs. Memorandum: This 10-year-old child has been found to be delinquent as habitually truant, taken from his mother, and placed in the care and custody of the County Welfare Commissioner. (Children's Court Act, § 2, subd. 2, par. [c].) The determination is based upon tardiness and absence from school. The record shows that all or most of the offenses occurred with the knowledge and acquiescense of his mother. His truancy record was not extreme, although it undoubtedly called for investigation. Nevertheless, under circumstances presented, there was no basis for a finding of delinquency against the child. Perhaps proof might be adduced that he is a "Neglected" child "who is unlawfully kept out of school" (§ 2, subd. 4, par. [c]) but, if this is so, the offense is that of his parents, not his. *Reynolds* v. *Board of Educ.* (33 App. Div. 88, 97) holds that a child was not a truant who was absent from school with the permission and knowledge of his parent. We realize that proceedings in Children's Court may be somewhat informal. "Full and complete records must be kept. (Children's Court Act, § 45.) Some degree of informality is to be expected. (*People* v. *Fitzgerald*, 244 N. Y. 307, 312.) It is, however, reasonable to require that some form or forms of juvenile delinquency be charged in the complaint, established by the evidence and found by the court before the child may be committed to a disciplinary institution, so that it may appear that it is the law which determines the commitment and not the ukase of the magistrate, however wise and judicious he may be." (*People* v. *Pikunas*, 260 N. Y. 72, 73.) However, to support the order appealed from there must have been a case made out against the child and this was not accomplished. The order should be reversed and the petition dismissed. (Appeal from order of Wyoming Children's Court adjudging Eugene Miller to have been delinquent and discharging him to the custody of the Commissioner of Public Welfare.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.