SHARP, A MINOR, et al. *v.* STATE

No. 41663 March 13, 1961 127 So. 2d 865

May 8, 1961 129 So. 2d 637

*Laurel G. Weir,* Philadelphia, for appellants.

632

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

KYLE, J.

This case is before us on appeal by Homer Frank Sharp, a minor, and his parents, Willie Jim Sharp and Mrs. Pauline Sharp, from a decree of the Youth Court Division of the Chancery Court of Neshoba County, ad-

judging that the appellant, Homer Frank Sharp, a minor of the age of 16 years, is a juvenile delinquent and ordering that he be placed in the reform school at Columbia, Mississippi, there to remain until he reaches the age of 20 years.

The record shows that on December 18, 1959, J. B. Hillman, Youth Counselor in said county, filed a petition in the Youth Court of said county, in which it was alleged that the said Homer Frank Sharp, a white male child 16 years old, whose father was Willie Jim Sharp, and whose mother was Pauline Sharp, all residents of Neshoba County, was "a juvenile delinquent fast becoming uncontrollable by his parents," and that he was "violating the laws of the State of Mississippi in various ways." The petitioner asked that the said Homer Frank Sharp and his father and mother be summoned to appear before the court on a date to be fixed by the court, and that after the hearing of the testimony the court enter such "order or orders as in the opinion of the court would be to the best interest of said minor." No order appears to have been entered fixing a date for such hearing and no summons or other notice appears to have been issued for the appearance of said minor or his parents. A decree was entered on December 19, 1959, by the Judge of the Youth Court, which recited that said minor and his father and mother "appeared in open court and waived the summons in this cause" and agreed "that this cause should be heard by this court on this day and a decree entered just as though they had been legally served with process to appear and defend the cause." The decree also recited that the court, "after hearing all the evidence, finds that this court has jurisdiction of the subject matter," and that said minor "is a juvenile delinquent, that he is beyond the control of his father and mother, and that it would be to the best interest of the said Homer Frank Sharp to be placed in the reformatory school at Columbia and there to remain until he is 20 years of age." It was

therefore ordered by the court that the said minor be placed in the reform school at Columbia and there to remain until he has reached the age of 20 years, and that the sheriff be directed to transfer and deliver said minor to the authorities of said reform school.

Three points are argued by the appellants' attorneys as grounds for reversal of the judgment of the lower court.

It is argued, first, that the petition failed to state sufficient facts to bring the minor, Homer Frank Sharp, within the purview of the Youth Court Act, Chapter 207, Laws of Mississippi, 1946, (Sections 7185-01 to 7185-30, Code of 1942, Rec.); and that the court was without authority to order a hearing in the matter or to proceed with the hearing until a proper petition had been filed setting forth the facts relied upon to support the charge of delinquency.

 ██ We think the petition failed to state sufficient facts to bring the child within the purview of the statute.

Section 7185-02, sub. par. (g), Code of 1942, Rec., defines "delinquent child" as follows: " 'Delinquent child' is synonymous with the meaning of what is commonly called a juvenile offender, and means any child not less than ten (10) years of age whose occupation, behavior, environment or associations are injurious to his welfare or the welfare of other children; or who deserts his home; or who is habitually disobedient to or beyond the control of his parents, guardian or custodian; or who being required to attend school wilfully violates rules thereof, or wilfully absents himself therefrom; or who violates any state law or municipal ordinance; or who, by reason of being habitually wayward or habitually disobedient, becomes an incorrigible or uncontrollable child; or who so deports himself as to injure or endanger the morals or health of himself or any other person."

Section 7185-05 provides that "no child may be committed to any institution or agency except by hearing

upon a petition as herein provided.'' And, in the same section, it is then provided that the petition shall set forth, '' * * * (d) The facts which bring the child within the purview of this act.''

The petition in this case simply alleged on information and belief ''that Homer Frank Sharp'', a white male child of the age of 16 years, ''is a juvenile delinquent, fast becoming uncontrollable by his parents, and that he is violating the laws of the State of Mississippi in various ways.'' The petition does not charge that the child is habitually disobedient or beyond the control of his parents, but merely charges that the child is *''fast becoming uncontrollable by his parents.''* The petition does not charge that the child has violated any particular state law or municipal ordinance, and no facts are alleged to indicate the nature of the charge intended to be proved or the laws or ordinances which he is accused of violating.

The rule in some jurisdictions is that an allegation in general terms as to the delinquency of the child is sufficient. In Re Bentley, 246 Wis. 69, 16 N. W. 2d 390, the Court held that a petition alleging in the words of the statute that a minor habitually deports himself so as to injure or endanger the morals or health of himself or others, and that he is delinquent is sufficient. But in other jurisdictions, the courts have held that the information or petition must set forth the facts showing delinquency. In Cantu v. State (Tex. Civ. App. 1948), 207 S. W. 2d 901, the Court held that the petition charging a minor with delinquency must set forth the grounds relied upon. In People v. Lewis, 260 N. Y. 171, 183 N. E. 353, 86 A.L.R. 1001, the Court stated that: ''There must be a reasonably definite charge.'' In Williams v. State (Tex. Civ. App. 1949), 219 S. W. 2d 509, the Court said: ''It was the purpose of the Legislature that when a child was proceeded against as a delinquent child that he should be definitely charged with one or more of the mat-

ters which are set forth as definitions of a delinquent child, given above.'' See also Hogue v. State, 87 Tex. Crim. 170, 220 S. W. 96; People v. Pikunas, 260 N. Y. 72, 182 N. E. 675, 85 A.L.R. Anno. 1097; Exparte Mei, 122 N. J. Eq. 125, 192 A. 80, 110 A.L.R. 1080.

It is true, as argued on behalf of the State, that the Youth Court Act (Section 7185-08, Code of 1942, Rec.) expressly provides that the proceedings of the court in a case of this kind shall be entirely of a civil nature, and that ''the hearing shall be conducted in an informal manner under such rules as the court may prescribe, without regard to the technicalities of other statutory procedures and rules of evidence;'' and not in the nature of a criminal proceeding. Yet, the act itself clearly provides that no child may be committed to any institution except by hearing upon a petition setting forth the facts which bring the child within the purview of the act; and that, in our opinion, means that the petition must set forth the facts relied upon and expected to be proved in support of the charge of delinquency.

██ ██ As stated by the Court in People v. Pikunas, 260 N. Y. 72, 182 N.E. 675, 85 A.L.R. Anno. 1097, ''Proper regard for the rights of the child requires that the court should hear and determine some charged act or acts of juvenile delinquency'', as defined in the Youth Court Act. However, we do not hold that the decree or order of adjudication concerning the child must recite any of the facts and circumstances upon which such adjudication is based.

██ ██ It is next argued that the judgment appealed from is erroneous and should be reversed for the reason that the record fails to show that the appearance of the child and his parents at the hearing was voluntary. It is also argued that the entire proceeding was invalid for the reason that no summons was issued for the minor, and the appearance of the minor at the hearing with his father and mother, whether voluntary or involuntary,

was insufficient to confer jurisdiction upon the court to proceed with the hearing without the service of process on the minor.

Both points involved in this two-fold assignment of errors were raised by the appellant on the appeal in the case of Shirley Ann Monk v. State, 238 Miss. 658, 116 So. 2d 810, decided by this Court on January 11, 1960; and in that case the Court held that the failure of the record to show that the appearance of the minor, Shirley Ann Monk, was voluntary constituted reversible error. The Court, in its opinion in that case, mentioned, but declined to pass upon, the constitutional question as to whether a minor, upon whom no personal service of process was had, can confer jurisdiction upon the court in a case of this kind by appearance and consent. The Court, in its opinion in that case, said: "By our holding herein we do not mean to decide that a minor can confer jurisdiction by appearance and consent. That question is not before us. We are passing on the issue presented and are assuming, without deciding, that this may be done." It is clear that the judgment in this case must be reversed upon the point decided by the Court in the Monk case. The judgment in this case fails to show that either the minor or his parents were served with legal process or that they appeared voluntarily.

We have given careful consideration to the point left undecided in the Monk case, and again argued on this appeal, that the judgment of the lower court must be reversed for the additional reason that the records fails to show that process was issued and served on the minor prior to the date of the hearing.

A majority of the judges are of the opinion that the provisions of the statute (Section 7185-06, Code of 1942, Rec.) relating to the waiver of process and the voluntary appearance of the minor and his parents can have no application to the minor in a case of this kind, where a petition has been filed which may result in

the committal of the minor to an institution as a "delinquent child", for the reason that the legislature was without power to dispense with the service of process upon the minor. A majority of the judges are of the opinion that, after the filing of the above mentioned petition, the judge should have fixed a date and designated a place for the hearing of the case concerning said minor, and should have ordered that summons be issued for the father and mother of said minor, commanding them to appear personally and bring the child before the court, at the time and place stated, and to then and there show cause, if any could be shown, why said minor should not be adjudged a delinquent child, and that a personal summons be issued and served upon said minor in the manner provided by the statute. ██ █ A majority of the judges are of the opinion that the service of process upon the minor in a case of this kind is necessary under the due process clause of the State Constitution.

In discussing the essential elements of due process the textwriter in 12 Am. Jur., 267, Constitutional Law, par. 573, says:

"The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction of the cause. * * *.

"In any proceedings where notice is essential, the view has been taken that the law authorizing such proceedings must require notice; otherwise, it will be unconstitutional. It is not enough that a person may by chance have notice or that he may, as a matter of favor or courtesy, have a hearing. * * * Where a statute does not expressly provide for notice and a hearing, other statutes must be looked to and the process authorized under them should be had before a decree or judgment can be entered. The legislature cannot dispense with such notice. The court, in all cases, must proceed upon notice and inquiry." See also Dunn v. Love, 172 Miss.

342, 155 So. 331, 92 A.L.R. 1323, affirmed in Doty v. Love, 295 U. S. 64, 79 L. Ed. 1303, 55 S. Ct. 558, 96 A.L.R. 1438; Sinquefield v. Valentine, 159 Miss. 144, 132 So. 81, 76 A.L.R. 238.

In discussing the need for the service of process in juvenile delinquency cases the textwriter in 31 Am. Jur., 330, Juvenile Courts, etc., par. 64, says:

"The form and manner of service of process in proceedings against juvenile delinquents and dependents is ordinarily prescribed in detail in the governing statute. Usually a summons is issued to the child. Most statutes provide also for a summons or notice to the parent or other custodian, requiring him to produce the child before the court at a time specified therein. In some instances a warrant may be issued for the purpose of securing the child's presence before the court."

██ █ Under our statute notice to the parent is an indispensable prerequisite to the jurisdiction of the court to hear and determine the case, unless such notice be waived by the voluntary appearance of such parent. ██ █ A voluntary appearance by the parent, however, may be treated as the equivalent of service of process or as constituting a waiver thereof by the parent. ██ █ It is generally held, however, that an infant can neither acknowledge nor waive the regular service of process upon him. 27 Am. Jur., 859, Infants, par. 140, and cases cited. This Court has held in several cases that a minor cannot waive the service of process.

In Parker v. Smith et al., 150 Miss. 849, 117 So. 249, it was argued that the minor having appeared in person before the court became subject to the jurisdiction thereof, and such appearance would cure any defect in the process. The Court said: "Conceding that this rule is applicable to adults not under disability, it could have no application to minors. It is well settled that the infant can waive none of his rights; that no jurisdiction can be had over the person of an infant, except by the

issuance and service of process, in the manner required by our statute. Price, Adm'x. v. Crone, 44 Miss. 571. If the infant be not legally served with process, the appearance of his solicitor, although employed by him, will not bind the infant. Hardy v. McClellan, 53 Miss. 507.''

In Maddox v. Bush, Superintendent, 191 Miss. 748, 4 So. 2d 302, the Court had under consideration the provisions of Section 7252, Code of 1930 (Sec. 8, Ch. 111, Laws of 1916), which regulated the procedure to be followed in ordering the confinement of a delinquent child in the Mississippi Industrial and Training School prior to the enactment of the Youth Court Act of 1946; and, in discussing the effect of the failure of the statute to require process or notice to the infant, the Court said: ''On the hearing in the present case it was shown by the record in the committal proceedings that no process was issued therein for appellant, and there being no process, of course none was served on him. And it is nowhere shown that the minor was present at the committal hearing, if that be deemed material.

''Process was issued for and was served on his father, and also on his grandfather and grandmother, the minor being in the custody of the grandparents at the time. It is contended by the School that Section 7252, Code 1930, under which the committal was had, does not require process to the infant, and that, therefore, none was necessary.

''The answer to that contention is found in Jack v. Thompson, 41 Miss. 49, 50, which involved the validity of a judicial proceeding wherein a minor was apprenticed and wherein the proceedings were had without notice to him. The Court said: 'The act does not require this notice, and doubtless the court below, looking to the act of the legislature as the source and measure of its duty, as well as of its power, for this reason deemed it unnecessary. But the principle is universal, that no judgment, order or decree is valid or binding upon a party

who has no notice of such proceeding against him. The court must not only have jurisdiction of the subject-matter, but also of the person, to give validity to its final judgments, orders, and decrees, and it is not in the power of the legislature, under our constitution to dispense with this notice either actual or constructive.' See Bryant v. Brown, 151 Miss. 398, 424, 118 So. 184, 60 A.L.R. 1325.''

In the case of Khoury v. Saik, 203 Miss. 155, 33 So. 2d 616, the Court held that minors can waive nothing and their representatives can waive nothing for them, and that the filing of an answer and an appearance in court as a witness by a nonresident minor on whom constructive service of process had been ineffectually attempted did not bring her into court for the purpose of the entry of a final decree against her (Code 1842, Secs. 1217, 1852).

 The proceeding in this case was instituted primarily for the purpose of committing the minor, Homer Frank Sharp, to the Mississippi Industrial and Training School as a ''delinquent child'', within the meaning of the ''Youth Court Act'', and it seems clear to us from the decisions which we have cited above that, to give validity to the court's final judgment, it was necessary that process be issued and served upon the minor; and that it was not within the power of the legislature to dispense with the issuance and service of such process on the minor; nor could the minor waive the service of such process.

 The constitutionality of the Youth Court Act of 1946, in its general features, was sustained by this Court in Wheeler v. Shoemake (1952), 213 Miss. 374, 57 So. 2d 267, and in Lee v. State (1952), 214 Miss. 740, 59 So. 2d 338, but in neither of those cases was the question as to the right of the minor to waive issuance and service of process in a proceeding upon a petition for the committal of the minor to an institution as a ''de-

linquent child'' presented; and our holding here, that the provisions of the statute relating to the right of the minor to waive the issuance and service of process in a case of this kind, is invalid, shall not effect in any manner the validity of the remaining provisions of the Youth Court Act.

For the reasons stated above the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.

*McGehee, C.J.,* and *Lee, Arrington, Gillespie, McElroy, Rodgers* and *Jones, JJ.,* concur.

ETHRIDGE, J., Dissenting:

*First.* The controlling opinion eliminates the procedure for voluntary appearance in the Youth Court of a minor with his parents. Youth Court Act, Miss. Laws 1946, Ch. 207, Sec. 6; Miss. Code 1942, Rec., Sec. 7185-06. The result is to hold invalid and unconstitutional a substantial part of Sec. 6 of the Act. I cannot agree with that action.

Section 5 states that proceedings may be instituted against a delinquent child by a petition filed in the Youth Court. The court may investigate the petition, and, ''unless voluntary appearance be made as hereinafter set forth'', the judge shall fix a time for the hearing, and process shall be served personally upon the parents and the child.

However, the legislature manifestly thought there would be many proceedings of this type, in which the parents and the child would prefer to appear voluntarily before the Youth Court, without the necessity of formal process. Hence Sec. 6 provides for a voluntary appearance procedure. The following quoted part from the second paragraph of Sec. 6 of the Act sets forth that process. This is the part of the statute which the controlling opinion holds is invalid and unconstitutional:

". . . and in case of voluntary appearance before the date set for the hearing, the court may, in its discretion, proceed to a hearing at any time after said petition has been filed, regardless of the date set for the hearing. In case a parent or guardian of such child, or the custodian of such child, if a parent or guardian cannot be located, appear before the court with the child without the service of summons on either of them, including the child, or being present in court with the child after service of summons on either of them, and make no objection to the process or lack of process, the court shall have the right to proceed to the hearing of the case the same as if summons had been served on each of them; and any irregularities in the issuance or services of process on either of them shall not deprive the court of jurisdiction of the child and the right to proceed to a hearing."

In short, if the parents and child appear before the Youth Court voluntarily, and do not object to the lack of formal written process on them, the Youth Court may proceed with the hearing. This is consistent with the effective and informal administration of a juvenile court act, and assuredly does not deny any one a notice and hearing. The court "may, in its discretion, proceed to a hearing", after such voluntary appearance. Hence the act (a) requires formal service of process, unless the parents and the child voluntarily appear before the court, and (b) authorizes the court, in such event, in the exercise of its discretion, to proceed with the hearing where the parties have thus entered their appearance.

Parents have the legal and constitutional right to custody of their child, unless they have forfeited the same. Miss. Code 1942, Sec. 399; In the Matter of Guardianship of Boyd O. Faust, et al., 123 So. 2d 218 (Miss. 1960). Apparently the statute is based on the theory that the parents of a child may appear voluntarily for

644

themselves, and for and with their own child in a Youth Court proceeding. I cannot see where the legislature exceeded its power in authorizing a voluntary appearance in Youth Court under these circumstances.

Essentially my disagreement with the controlling opinion is in the extent to which I would review an exercise of legislative power. If the general rule is followed that all reasonable presumptions should be made in favor of the reasonableness of a statute, this provision of the act would not seem to be unreasonable or a denial of notice. It simply deals with a procedure or technique describing what constitutes notice. Certainly the manual delivery to a minor of a summons is no more effective notice than the voluntary appearance procedure created by the statute. It is a type of substitutional or constructive process, through the voluntary appearance of the mother, father and child. The due process clause, Miss. Const. 1890, Sec. 14, does not place the legislature in a strait jacket. It does not prevent it from adjusting the requirement of notice before hearing to varying circumstances and in accord with reasonable concepts of adequate notice. That clause proscribes lack of notice, not notice in a particular manner.

The voluntary appearance procedure set forth in the statute is utilized in the juvenile court acts of other states, and elsewhere has been held valid. Those states are equally solicitous of the constitutional rights of litigants. A recent case upholding voluntary appearance is Lazaros v. State, 228 S. W. 2d 972, Tex. Civ. App. 1950. See also 31 Am. Jur., Juvenile Courts, Secs. 64, 65; 43 C. J. S., Infants, Sec. 99e, pp. 246-248. Hence in my opinion the decision of the court, invalidating the quoted part of Sec. 6 of the act, is an unwarranted application of the due process clause, and unduly restricts administration of the Youth Court Act.

*Second.* The Court holds that the petition filed by the youth counsellor was insufficient. The petition makes

the parents and minor defendants, and charges that Homer "is a juvenile delinquent". It further states that he is "fast becoming uncontrollable by his parents, and that he is violating the laws of the State of Mississippi in various ways." Although the petition is loosely drawn, it charges the essentials to place jurisdiction in the Youth Court, namely, that appellant is a juvenile delinquent, getting beyond the control of his parents, and is violating the state laws. If appellants desired to question its sufficiency, the place to do that was in the Youth Court, not on appeal. That issue was not raised in the trial court. I think it is too late to assert it here, and for the first time.

*Third.* The controlling opinion further holds that the trial court's judgment "fails to show that either the minor or his parents were served with legal process or that they appeared voluntarily." The judgment recites that Homer Sharp, a 16-year old minor, and his father and mother "appeared in open court and waived . . . summons in this cause and agreeing that this cause should be heard by this court on this day and a decree entered just as though they had been legally served with process to appear and defend this cause." The judgment then states that the court found it had jurisdiction, and the minor was a juvenile delinquent; that he was beyond the control of his father and mother; and it would be to his best interest to place him in the Columbia Training School. I do not see how the court could have more clearly found a voluntary appearance by all three of the appellants.

It is basic that where a decree recites the essentials of jurisdiction and the record does not contradict those findings, the appellate court will presume that the facts were as the trial court found them. Appellants presented no record of the testimony in this case. Nothing in the record contradicts those findings. The judgment recited the parties appeared in open court, waived sum-

mons and agreed for the hearing at that time, just as though they had been served with process. It found, after hearing, the minor was a juvenile delinquent. These adjudications constitute the essential ones to support the judgment. There is no evidence in the record to contradict them.

Hence it seems to me that the controlling opinion errs in reversing the judgment of the chancery judge of Neshoba County, sitting as the Youth Court. For all of these reasons, I am unable to agree with the controlling opinion. I would affirm.

## ON SUGGESTION OF ERROR

GILLESPIE, J.

The suggestion of error requests the Court to answer several questions which were not involved in the case and which, if answered by the Court, would be dicta. The record and opinion makes it clear that we were dealing with a case of a minor who was committed to an institution by reason of being adjudged a delinquent. The case did not involve a question of custody or informal adjustment of a youth problem. The apprehension that the Court has repudiated the doctrine of parens patriae is without foundation. We do hold that the doctrine does not authorize the State to confine a minor in an institution, in this case for a period of four years, except by hearing on a petition filed in accordance with the act, an order setting the same for hearing, and process upon the minor.

Suggestion of error overruled.

All Justices concur except *Ethridge, J.*, who dissents.