█ In the Matter of AMELIA BORDONE, Respondent, v. ALLEN F., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order unanimously reversed on the law and facts and petition dismissed. Memorandum: The 13-year-old respondent appeals from an order of Erie County Family Court adjudging him to be a person in need of supervision on the ground that he is beyond the control of his parents in that he willfully and wrongfully and without provocation threw rocks at petitioner's 13-year-old daughter, Roberta Bardone. The petition prays that the respondent be adjudged a juvenile delinquent. It alleges, and the evidence shows, that on the evening of April 18, 1967 appellant and two other boys threw stones at the side of a bus shelter in which Roberta and another girl were standing. When Roberta projected her head outside of the shelter to see what the boys were doing she was struck in the mouth by a stone thrown by appellant which caused injuries to her teeth and face requiring hospital treatment. At the close of the evidence the Family Court Judge on the authority of subdivision (a) of section 716 of the Family Court Act ordered that a petition to determine need of supervision be substituted for the petition to determine delinquency and ordered a probation investigation. After the investigation the order appealed from was entered adjudging appellant to be a person in need of supervision on the ground that he is beyond the control of his parents in that he willfully and wrongfully and without provocation threw rocks at petitioner's daughter and ordered that he be placed on probation for one year and make restitution of $1,179.10. A person in need of supervision is one under 16 years of age who is an habitual truant or is incorrigible, ungovern-

able or habitually disobedient *and* beyond the lawful control of his parents. (Family Ct. Act, § 712, subd. [b].) The order appealed from is insufficient on its face because there is no finding (nor could there be on the evidence) that appellant was habitually disobedient. The record only discloses a single instance of wrongful conduct, that is, throwing stones. None of the conduct forbidden in the statute can be found in this record (cf. *People* v. *Pikunas*, 260 N. Y. 72). The provision of the order requiring appellant to make restitution of $1,179.10 is unauthorized. In *Matter of Krywalski* (26 A D 2d 894) we decided that there was then (1966) no provision of the statute or rules of the Family Court for restitution as one of the permissible terms and conditions of probation. Thereafter on March 3, 1967 subdivision (q) was added to rule 7.6 (22 NYCRR 2506.7 [17]) permitting one of the terms and conditions of probation to be restitution for any damage done to the property of another. While paragraph (q) now permits restitution for damage done to property it does not permit the making of restitution for personal injuries a condition of probation as was done in this case. (Appeal from order of Erie County Family Court adjudging respondent to be in need of supervision.) Present — Goldman, P. J., Witmer, Moule, Bastow and Henry, JJ.