298 So.2d 703 (1974)
In the Interest of Melvin Junior EDWARDS, a minor.
No. 48052.
Supreme Court of Mississippi.
August 5, 1974.
Elliott Andalman, Hattiesburg, James A. Williams, Meridian, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy and Pete Cajoleas, Sp. Asst. Attys. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
Melvin Junior Edwards and his brother, after the death of their parents, were declared to be neglected children by decree of the Chancery Court of Winston County, Mississippi, dated September 11, 1965. They were put into the custody of the Winston County Welfare Department for their sustenance and maintenance. The welfare department gave the custody of the children to Mr. and Mrs. Albert Hull, RFD, DeKalb, Kemper County, Mississippi. Thereafter, on November 30, 1973, the Sheriff of Kemper County, Mississippi, filed a petition in the Youth Court of Kemper County alleging that Melvin Junior Edwards was a delinquent minor within the meaning of the Youth Court Law [now Mississippi Code Annotated Section 43-21-13 *704 (1972)]. On December 1, 1973, the director of the Winston County Department of Public Welfare filed a "waiver of process" in the Youth Court. On the same day [December 1, 1973] the Youth Court entered an order adjudging Melvin Edwards, a minor thirteen years of age, to be a delinquent and ordering him to be confined in the State Columbia Training School.
He has appealed to this Court; and from a careful examination of the record, we are convinced that the decree and order of the Youth Court must be reversed for the following reasons.
I. No order was entered fixing a date and place for a hearing as required by Section 7185-06, Mississippi Code 1942 (Supp. 1972) [now Mississippi Code Annotated Section 43-21-13 (1972)].
II. Process was not issued and served upon the minor and his custodial relatives. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); Hopkins v. Youth Court of Issaquena County, 227 So.2d 282 (Miss. 1969); Sharp v. State, 240 Miss. 629, 127 So.2d 865, 90 A.L.R.2d 284 (1961), suggestion of error overruled, 240 Miss. 646, 129 So.2d 637, 90 A.L.R.2d 293 (1961). A minor cannot waive process required by law, and the Court has no jurisdiction of the person until process has been served upon the minor and his parents, or persons standing in loco parentis. Sharp v. State, supra. The notice to the parents may be waived by them, but not process on the minor. Sharp v. State, supra.
III. The hearing without process was had within two (2) days after the petition was filed in violation of Section 7185-06, Mississippi Code 1942 Annotated (Supp. 1972) [now Mississippi Code Annotated Section 43-21-13 (1972)]. In re Long, 184 So.2d 861 (Miss. 1966).
IV. The minor was entitled to an attorney under the facts in this case; and since he was an indigent and likely to be incarcerated, the court was required to appoint an attorney to aid him. In re Gault, supra; In re Long, supra.
For all of these reasons, we find it necessary to reverse the decree of the Youth Court and to remand this cause for further proceedings in the Youth Court of Kemper County, Mississippi.
Reversed and remanded.
PATTERSON, INZER, WALKER and BROOM, JJ., concur.