WALKER, Justice.
This is an appeal from the Chancery Court of Rankin County, Mississippi, in its capacity as a Youth Court, wherein the appellant was adjudged delinquent.
We have carefully examined the record in this case and are of the opinion that it is so replete with inadmissible *920 hearsay testimony that appellant was effectively denied his right to a fair hearing.
Further, upon remand the petition should be amended to more definitely apprise appellant of the particular act or acts of misconduct with which he is charged.
In Sharp, A Minor v. State, 240 Miss. 629, 127 So.2d 865 (1961), this Court, speaking through Justice Kyle, said:
. the act itself clearly provides that no child may be committed to any institution except by hearing upon a petition setting forth the facts which bring the child within the purview of the act; and that, in our opinion, means that the petition must set forth the facts relied upon and expected to be proved in support of the charge of delinquency. (240 Miss. at 636, 127 So.2d at 868).
Then, in the case of In Re Interest of Dennis, 291 So.2d 731 (Miss.1974), this Court, speaking through Justice Sugg, said:
We reaffirm our position that a petition which institutes a youth court proceeding must recite factual allegations specific and definite enough to fairly apprise the juvenile, his parents, custodians or guardians of the particular act or acts of misconduct or the particular circumstances which will be inquired into at the adjudicatory proceedings. (291 So.2d at 733). (Emphasis added).
We would also point out that “being under the influence” of marijuana is not a designated criminal offense under our statutes except in conjunction with the operation of a vehicle. See Miss.Code Ann. § 63-11-29 (1972). However, such conduct, when properly alleged and upon adequate proof, may be shown to endanger a child’s health or to be a contributing factor to his incorrigibility or uncontrolla-bility.[1]
The judgment of the lower court is reversed and this cause remanded to the Chancery Court of Rankin County in its capacity as a Youth Court for a new hearing.
Reversed and remanded.
GILLESPIE, C. J., and PATTERSON, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.

. Mississippi Code Annotated section 43-21-5 (g) (1972) defines a delinquent child as follows:
“Delinquent child” is synonymous with the meaning of what is commonly called a juvenile offender, and means any child not less than ten years of age whose occupation, behavior, environment or associations are injurious to his welfare or the welfare of other children; or who deserts his home; or who is habitually disobedient to or beyond the control of his parents, guardian or custodian; or who being required to attend school wilfully violates rules thereof, or wilfully absents himself therefrom; or who violates any state law or municipal ordinance; or who, by reason of being habitually wayward or habitually disobedient, becomes an incorrigible or uncontrollable child; or who so deports himself as to injure or endanger the morals or health of himself or any other person.