PIERCE, Justice,
for the Court:
¶ 1. On December 2, 2011, the Bolivar County prosecuting attorney filed a petition in the Bolivar County Youth Court, seeking an adjudicatory hearing, after receiving a complaint that two minor girls, S.G.M. and C.D.M., ages thirteen and eleven, respectively, had been sexually abused by their father. The youth court conducted an adjudicatory hearing on December 7, 2011. Those present at the hearing, apart from the attorneys, were Jim Warrington, the guardian ad litem (GAL) assigned to the case; Johnnie Rushing, a social worker with the Department of Human Services; David Monroe, the girls’ biological father; Peggy Monroe, the girls’ stepmother; K.T.M., the girls’ older brother, age fourteen; Tammy and Tawanda Latham, the girls’ maternal aunts; and Marie Miller, the girls’ maternal grandmother. The record indicates that, at the time of the adjudicatory hearing, S.G.M., C.D.M., and K.T.M. were in the custody of Peggy, as David had allowed Peggy to obtain custody of the children sometime after the children’s biological mother had passed away six years earlier.
¶ 2. Shortly into the hearing, the youth court became aware that only Tammy and Tawanda had been issued summonses to appear at the hearing, as required by Mississippi Code Section 43-21-507 (Rev. 2009). The youth court inquired if the other parties were willing to waive service of process. All agreed, and the youth *703 court allowed David to waive service of process for S.G.M., C.D.M.,. and K.T.M.
¶ 3. At the conclusion of the hearing, the youth court found there was no basis to support the sexual-abuse allegation. The youth court then proceeded to conduct a disposition hearing. At that point, the prosecuting attorney informed the youth court that the court was without authority to conduct a disposition hearing because the two girls had not been adjudicated sexually abused. The county prosecutor then informed the parties in open court that, since custody of the minor children also had been at issue, the parties could take the matter to chancery court by filing a petition for guardianship in that court. The youth court thereafter concluded the hearing.
¶4. On December 14, 2011, the youth court had this matter placed on the court docket and held a hearing in the court’s chambers. Tammy, Tawanda, Marie, and Peggy were the only parties present at this hearing. The youth court stated on the record that, during the adjudicatory hearing held on December 7, it had ordered that S.G.M., G.D.M., and K.T.M. were to be placed in the custody and care of their maternal aunt Tammy. Both the county prosecutor and legal counsel for Peggy disputed that such an order had been issued by the youth court at the December 7 hearing. The record before this Court contains no indication that such an order had been issued. On December 15, 2011, the youth court entered an adjudicatory order, placing all three minor children in the custody of Tammy, while DHS conducted a further investigation into the matter, with a review hearing to be held in six months.
¶ 5. On December 21, 2011, Peggy filed a notice of appeal, asserting the following issues: (1) the youth court had no jurisdiction to conduct the adjudicatory hearing on December 7 because of lack of service of process on the children; (2) the youth court had no jurisdiction to conduct the adjudicatory hearing on December 14 because of failure to give proper notice of the hearing; (3) the youth court could not conduct a disposition hearing after finding that the abuse allegations were unsubstantiated; and (4) the order to remove the children from their home was not supported by the evidence.
¶ 6. We find the first issue disposi-tive. The youth court was without jurisdiction to conduct the adjudicatory hearing on December 7.
¶ 7. Pursuant to Section 43-21-507,
(1) Summons shall be served not less than three (3) days before the date set for the adjudicatory hearing of proceedings concerning the child.
(2) A party other than the child may waive service of summons on himself by written stipulation or by voluntary appearance at the hearing and in the case of written stipulation or voluntary appearance, the youth court may, in its discretion, proceed to a hearing regardless of the date set for the hearing if all other parties are properly before the youth court. At the time of the waiver, a copy of the petition shall be given to the party.
(3) If a child is served with process, the child may waive the three (3) days’ time before the hearing, and the youth court may, in its discretion, proceed to a hearing regardless of the date set for the hearing if all other parties are properly before the youth court and the youth court finds all of the following:
(a) the child fully understands his rights and fully understands the potential consequences of the hearing;
(b) the child voluntarily, intelligently, and knowingly waives his rights to *704 three (3) days’ time before the hearing;
(e) the child is effectively represented by counsel; and
(d) the child has had in fact sufficient time to prepare.
Miss.Code Ann. § 43-21-507.
¶ 8. The record is clear that Section 43-21-507 was not complied with in this instance, as none of the children was served with process. This Court has addressed the importance of process to all interested parties in youth-court matters:
A minor cannot waive process required by law, and the Court has no jurisdiction of the person until process has been served upon the minor and his parents, or persons standing in loco parentis. The notice to the parents may be waived by them, but not process on the minor.
In re N.W., 978 So.2d 649, 654 (Miss.2008) (quoting In re Edwards, 298 So.2d 703, 704 (Miss.1974)). Here, while the children’s father could waive process on himself, he could not do so for his minor children. Miss.Code Ann. § 43-21-507.
CONCLUSION
¶ 9. The written adjudicatory order of the youth court is vacated, and this cause is remanded to the youth court for further proceedings consistent with this opinion.
¶10. VACATED AND REMANDED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND KING, JJ„ CONCUR.