# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00338-COA

**IN THE INTEREST OF M.M., S.M., A.M.,**                                    **APPELLANT**
**MINORS: JANE DOE**

**v.**

**HINDS COUNTY YOUTH COURT**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/11/2014 |
| TRIAL JUDGE: | HON. WILLIAM LOUIS SKINNER II |
| COURT FROM WHICH APPEALED: | HINDS COUNTY YOUTH COURT |
| ATTORNEYS FOR APPELLANT: | STACI BOZANT O'NEAL |
| | LINDSEY UNTERBRINK HERR |
| ATTORNEYS FOR APPELLEE: | SORIE S. TARAWALLY |
| | SHERRI MURIEL FLOWERS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DENIED MOTION TO SET ASIDE ADJUDICATION |
| DISPOSITION: | REVERSED AND RENDERED - 05/30/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    The Hinds County Youth Court adjudicated Jane Doe's[1] son A.M. a child in need of supervision and adjudicated her two younger sons S.M. and M.M. as sexually abused children. As a result of the adjudication, A.M. was removed from the mother's custody. Notice of the adjudication hearing was served at the mother's previous rather than current address. Neither the mother nor any of the children were served a summons or were present

---

[1] The mother's name is not used in this opinion to protect the privacy of her minor children. Initials are used in place of the children's names.

at the hearing. The mother filed a motion in the youth court to set aside the adjudication due to lack of jurisdiction. The youth court denied the motion. After having spent more than a year at a treatment facility in the custody of the Mississippi Department of Human Services (MDHS), A.M. was returned to his mother's custody at the recommendation of the State. The mother appeals the youth court's denial of her motion to set aside the judgment, asserting that the youth court lacked jurisdiction due to insufficient service of process and the absence of a voluntary waiver of notice. We agree that the youth court lacked jurisdiction due to insufficient service of process and, therefore, reverse the court's denial of her motion to set aside the judgment as void.

### FACTS AND PROCEEDINGS BELOW

¶2. After a shelter hearing was held at Hinds County Youth Court on October 25, 2013, fifteen-year-old A.M. was placed in the custody of MDHS following reports that A.M. was "humping" his two younger siblings on a repeated basis.[2] A.M. had a history of being sexually abused, and MDHS was already involved in other proceedings with A.M. related to delinquent behavior. A.M. was placed in a juvenile male sex offender's rehabilitation facility under the supervision of MDHS, with a scheduled release date in August 2014.

¶3. An adjudication hearing was held on February 11, 2014. A summons for the hearing was issued on October 29, 2013, to the mother's previous address in Brandon, Mississippi,

---

[2] The mother immediately reported the conduct after one of the younger children reported it to her.

2

rather than to her current address in Clinton, Mississippi. Neither the mother nor any of the children were present at the hearing. The court read into the record the mother's correct address in Clinton, Mississippi.[3] At the hearing, the judge inquired of the MDHS caseworker:

| [COURT]: | Did you have an opportunity to talk to the parents? |
| --- | --- |
| [WITNESS]: | I did. I actually spoke with [the mother] face-to-face yesterday. |
| [COURT]: | Did either parent know this [hearing] was going on? |
| . . . | |
| [WITNESS]: | She intended to attend today's hearing. I haven't had a chance to speak with her this morning, but I'm assuming that due to the schools being closed, she wasn't able to find child care on such short notice to attend today. |

The court proceeded to adopt the State's recommendation to adjudicate M.M. and S.M. sexually abused as defined under Mississippi Code Annotated section 43-21-105(n) (Supp. 2016) and to adjudicate A.M. a child in need of supervision as defined under section 43-21-105(k). The youth court ordered A.M. to remain in the custody of MDHS, continuing his treatment program.

¶4. After obtaining legal representation, the mother filed a motion in the youth court on November 3, 2014, to set aside the adjudication and return custody of A.M. She asserted that the court lacked jurisdiction due to failure to meet the notice requirements of Mississippi

---

[3] The court was apparently unaware of the mistake that occurred in issuing the summons to the wrong address.

Code Annotated section 43-21-507 (Rev. 2015). The youth court held a permanency hearing on November 6, 2014, which the mother attended with attorney representation. The no-contact order between A.M. and his siblings was lifted, and a ninety-day supervised reunification plan was put in place, with A.M. legally remaining in MDHS custody while moving back home. The transcript of the permanency hearing reflects the fact that the November 3, 2014 open motion was brought to the court's attention, but after an off-the-record discussion, court was dismissed without disposing of the open motion.

¶5.    On February 19, 2015, the court heard a motion for rehearing on the State's recommendation that A.M. be returned to the mother's custody. A.M. was legally returned to the mother's custody, and the case was closed. At the conclusion of the hearing, the youth court formally denied the mother's previous motion to set aside the adjudication due to lack of jurisdiction, stating, "that appeal and everything should have been filed in a timely manner. But I am not going to go back on an adjudication, when we just did a rehearing, and change it."

¶6.    The mother appeals the denial of the motion to set aside the judgment, arguing that the youth court lacked jurisdiction to adjudicate A.M. a child in need of supervision and to adjudicate the two other children sexually abused.

**DISCUSSION**

¶7.    "Jurisdiction is a question of law and is reviewed de novo." *In re M.I.*, 85 So. 3d 856, 857 (¶6) (Miss. 2012).

4

¶8.     The State attempts to argue that any error that occurred in failure to properly issue the summons was harmless error. But in youth-court matters, "under our statute notice to the parent is an indispensable prerequisite to the jurisdiction of the court to hear and determine the case, unless such notice be waived by the voluntary appearance of such parent." *Sharp v. State*, 127 So. 2d 865, 869 (Miss. 1961); *In re J.P.*, 151 So. 3d 204, 210 (¶17) (Miss. 2014). Section 43-21-507 provides in part:

> (1) Summons shall be served not less than three (3) days before the date set for the adjudicatory hearing of proceedings concerning the child.
>
> (2) A party other than the child may waive service of summons on himself by written stipulation or by voluntary appearance at the hearing and in the case of written stipulation or voluntary appearance, the youth court may, in its discretion, proceed to a hearing regardless of the date set for the hearing if all other parties are properly before the youth court. At the time of the waiver, a copy of the petition shall be given to the party.
>
> (3) If a child is served with process, the child may waive the three (3) days' time before the hearing, and the youth court may, in its discretion, proceed to a hearing regardless of the date set for the hearing if all other parties are properly before the youth court and the youth court finds all of the following:
>
>> (a) the child fully understands his rights and fully understands the potential consequences of the hearing;
>>
>> (b) the child voluntarily, intelligently, and knowingly waives his rights to three (3) days' time before the hearing;
>>
>> (c) the child is effectively represented by counsel; and
>>
>> (d) the child has had in fact sufficient time to prepare.

¶9.     Service of process on the children is also required:

A minor cannot waive process required by law, and the Court has no

> jurisdiction of the person until process has been served upon the minor and his parents, or persons standing in loco parentis. The notice to the parents may be waived by them, but not process on the minor.

*In re S.G.M.*, 97 So. 3d 702, 704 (¶8) (Miss. 2012) (quoting *In re N.W.*, 978 So. 649, 654 (¶15) (Miss. 2008)). The youth court also has a statutory responsibility to "ascertain whether the notice requirements have been complied with . . . ." Miss. Code Ann. § 43-21-557(1)(c) (Rev. 2009).

¶10. Here, the parties do not dispute that the mother and the children were not served with process. Even if the mother had actual notice of the hearing via her conversations with the MDHS employee, actual notice is insufficient to cure a jurisdictional defect in service of process. *Pearson v. Browning*, 106 So. 3d 845, 852 (¶39) (Miss. Ct. App. 2012). The mother did not make a voluntary appearance at the hearing. The statutory requirements for the mother's waiver were not met. The trial court therefore lacked jurisdiction to adjudicate the children as in need of supervision and as sexually abused.

¶11. Because the mother is challenging the judgment as void due to lack of jurisdiction, her almost nine-month delay in bringing the motion to set aside the judgment is irrelevant. "[T]here is no effective time limit for seeking relief from a void judgment under [Mississippi Rule of Civil Procedure] 60(b)(4)[.]" *Ravenstein v. Ravenstein*, 167 So. 3d 210, 216-17 (¶12) (Miss. 2014). "In defining a void judgment, this Court has repeated the federal rule, which states that 'a judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of

6

law.'" *Id*. (quoting *Overby v. Murrary*, 569 So. 2d 303, 316 (Miss. 1990)). The youth court erred in referencing the mother's failure to timely appeal the judgment to a higher court as grounds for denying her motion to set aside the judgment as void. Standard appeals are predicated on jurisdiction having been proper below. Under Rule 60(b), motions to set aside a judgment as void due to lack of jurisdiction are properly first brought before the trial court that issued the judgment.

## CONCLUSION

¶12. The youth court lacked jurisdiction over the mother and her children. We therefore reverse the youth court's denial of the mother's motion to set aside the judgment as void due to lack of jurisdiction.

¶13. **THE JUDGMENT OF THE HINDS COUNTY YOUTH COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR**.